Charles D. MILLS

v.

CSX TRANSPORTATION, INC.

Supreme Court of Tennessee,
at Nashville.

June 2, 2009 Session.

Dec. 7, 2009.

Emily H. Thompson and John William Baker, Jr., Knoxville, Tennessee, for the appellant, CSX Transportation, Inc.

Carol Morris Ballard and Michael Alan Anderson, Chattanooga, Tennessee, for the appellee, Charles D. Mills.

## OPINION

JANICE M. HOLDER, C.J., delivered the opinion of the court, in which CORNELIA A. CLARK and WILLIAM C. KOCH, JR., JJ., and WALTER C. KURTZ, SP.J., joined.

The plaintiff railroad worker filed an action under the Federal Employers Liability Act alleging that the defendant railroad company violated its duty to provide a reasonably safe workplace during an off-site meeting by failing to anticipate that a stairway defect or debris on the stairway constituted a tripping hazard. The railroad company filed a motion for summary judgment arguing that the plaintiff was not within the scope of his employment when he fell, that he cannot prove that the railroad breached its duty under the Federal Employers Liability Act to provide a reasonably safe workplace, and that he cannot prove causation. The trial court granted the railroad company's motion for summary judgment. The Court of Appeals reversed, holding that the trial court erred in its application of Tennessee's summary judgment standard. We affirm the intermediate appellate court's judgment and hold that the railroad company's summary judgment motion fails to shift the burden of production to the plaintiff and, alternatively, that the plaintiff states a genuine issue of material fact. We remand the case to the trial court for further proceedings consistent with this opinion.

### Facts

Charles D. Mills was employed as a "signal maintainer" for CSX Transportation ("CSX"), a railroad company. He and

other CSX employees attended mandatory safety-certification training in Cartersville, Georgia, at a Quality Inn on February 4, 2003. Mr. Mills completed a test in the early afternoon and took advantage of a twenty-five-minute break between sessions to leave the second-floor meeting room to retrieve his blood pressure medication from his truck. He used the stairs located on the outside rear of the building, which offered the quickest route to the parking lot. Mr. Mills successfully descended the upper flight of stairs and two steps of the lower flight when he fell down the remaining three or four steps. As a result of the fall, Mr. Mills injured his head, neck, and right shoulder. Mr. Mills filed a complaint against CSX under the Federal Employers Liability Act ("FELA") alleging that CSX negligently failed to provide a reasonably safe work place.

CSX moved for summary judgment, arguing that Mr. Mills's fall did not occur within the scope of his employment and that he did not know what caused his fall. In support of its motion, CSX filed transcripts of two interviews of Mr. Mills conducted by CSX employees shortly after the incident and excerpts from a deposition of Mr. Mills. CSX also submitted photographs of the stairs in question taken some time after the day Mr. Mills fell. CSX argued that Mr. Mills could not identify the specific cause of his fall and that he therefore can only speculate as to whether he slipped, tripped, or fell for no reason.

Mr. Mills responded with the affidavit of Chris Miller, another CSX employee. In his affidavit, Mr. Miller described the stairway on which Mr. Mills fell as having an iron face and a concrete tread. The tread on the steps was slightly below the level of the face, creating a metal lip on each stair. Mr. Miller had tripped on the same stairs as Mr. Mills but was caught by a coworker.[1] Mr. Mills argued that Mr. Miller's affidavit, coupled with statements from the deposition and interviews in which Mr. Mills stated that he saw debris on the stairs, created genuine issues of material fact as to whether CSX breached its duty under the FELA to protect Mr. Mills from the danger and whether the lip, the debris, or both caused his fall.

The trial court granted CSX's motion for summary judgment, reasoning that Mr. Mills offered "too many possible ways he could have fallen, and none of them which really causally can be . . . connected to the actual fall." The trial court concluded, "I don't think he knows how he fell. I don't think a jury will have enough evidence to know how he fell."

The Court of Appeals reversed, holding that CSX "failed to affirmatively negate an essential element of [Mr. Mills's] claim or to conclusively establish an affirmative defense." We granted CSX's application for permission to appeal.

## Analysis

The FELA, enacted by Congress in 1908, provides that "[e]very common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier . . . ." 45 U.S.C. § 51 (2006).[2]

---

1. Although Mr. Miller's affidavit states that he tripped on February 4, 2004, a full year after Mr. Mills's incident, the statement's context and additional references in the record indicate that Mr. Miller tripped in 2003, "[s]hortly after" Mr. Mills.

2. Tennessee's Workers' Compensation Law is the exclusive remedy for employees subject to that statute. Tenn.Code Ann. § 50–6–108 (2008). The statute, however, does not apply to "[a]ny common carrier doing an interstate business while engaged in interstate com-

A plaintiff may bring an FELA action in either federal or state court. 45 U.S.C. § 56 (2006). While federal substantive law always controls FELA claims, claims brought in state courts "are subject to state procedural rules." *St. Louis Sw. Ry. Co. v. Dickerson,* 470 U.S. 409, 411, 105 S.Ct. 1347, 84 L.Ed.2d 303 (1985) ("As a general matter, FELA cases adjudicated in state courts are subject to state procedural rules, but the substantive law governing them is federal."); *see Norfolk S. Ry. Co. v. Sorrell,* 549 U.S. 158, 165, 127 S.Ct. 799, 166 L.Ed.2d 638 (2007); *see also Norfolk S. Ry. Co. v. Bogle,* 115 Ohio St.3d 455, 875 N.E.2d 919, 922 (2007) ("State procedural rules therefore govern FELA claims in state court."); *Montgomery v. CSX Transp. Inc.,* 376 S.C. 37, 656 S.E.2d 20, 25 (2008) ("[An] FELA action brought in state court is controlled by federal substantive law and state procedural law.").

To apply this interplay of state and federal law, we first look to federal substantive law to determine the elements of an FELA claim. An FELA claim has four elements, requiring that: (1) the employee was injured in the scope of employment; (2) the employee's employment was in furtherance of the railroad's interstate transportation business; (3) the railroad was negligent; and (4) the railroad's negligence "played some part in causing the injury for which [the employee] seeks compensation under FELA." *Van Gorder v. Grand Trunk W. R.R.,* 509 F.3d 265, 269 (6th Cir.2007).

After identifying the elements of the claim, we apply Tennessee Rule of Civil Procedure 56 to evaluate whether CSX is entitled to summary judgment. To be entitled to summary judgment, CSX must show that the case presents "no genuine issue as to any material fact and that [CSX] is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. By imposing this burden of production on the moving party, Rule 56 precludes summary judgment from disposing of issues of material fact. *Cf. Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.,* 807 S.W.2d 476, 482 (Ky. 1991) ("[R]uling on a summary judgment ... requires a greater judicial determination and discretion since it takes the case away from the trier of fact before the evidence is actually heard.").

CSX may satisfy its burden of production by either producing evidence or referring to evidence in the record that affirmatively negates an essential element of the nonmoving party's claim or shows that the nonmoving party cannot prove an essential element of the claim at trial. *Hannan v. Alltel Publ'g Co.,* 270 S.W.3d 1, 8–9 (Tenn.2008). To affirmatively negate an essential element of the nonmoving party's claim, CSX must point to evidence that tends to disprove a material factual allegation made by the nonmoving party. *See Martin v. Norfolk S. Ry. Co.,* 271 S.W.3d 76, 84 (Tenn.2008). CSX cannot satisfy its burden of production with a conclusory assertion that the nonmoving party has no evidence or with a "presentation of evidence that raises doubts about the nonmoving party's ability to prove" a claim. *Id.* at 83–84. A trial court must dismiss the summary judgment motion if the moving party fails to satisfy this initial burden of production. *Hannan,* 270 S.W.3d at 5.

If CSX satisfies its burden of production, we examine the evidence produced by Mr. Mills, the nonmoving party,

merce, which common carrier and the interstate business are already regulated as to employer's liability ... by act of Congress." Tenn.Code Ann. § 50–6–106(1)(A) (2008).

CSX is a railroad company engaged in interstate commerce, and its liability for employee injuries is instead determined by applying the FELA.

to determine whether he has shown that the case presents genuine issues of material fact or that CSX is not entitled to judgment as a matter of law. In this FELA claim, we would again consult the FELA and federal cases applying the statute to answer whether any disputed facts are material. "A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Martin*, 271 S.W.3d at 84. If there are no issues of material fact, we "take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence" to determine whether CSX is entitled to a judgment as a matter of law. *Blair v. W. Town Mall*, 130 S.W.3d 761, 768 (Tenn.2004).[3]

■ In its motion for summary judgment, CSX challenges three elements of Mr. Mills's FELA claim. CSX first argues that Mr. Mills was not within the scope of his employment when he fell because he exited the meeting room using the rear stairs and was engaged in a "purely private activity" while retrieving his blood pressure medication. To support its motion, CSX argues that Mr. Mills "made the decision to use the rear exit stairs rather than using the front entrance" and that he was not in a training session when he fell.

■ In an FELA claim, the scope of employment includes both actual work and acts that are necessarily incidental to actual work. *Baker v. Balt. & Ohio R.R. Co.*, 502 F.2d 638, 642 (6th Cir.1974). Acts incidental to actual work include "coming to and leaving work while on the employer's premises and resting while on duty." *Id.* (citations omitted). The record contains facts that Mr. Mills was being compensated for training, that he was on the premises of the training site when he fell, and that he was to return to training that afternoon. The evidence offered by CSX does not affirmatively negate the essential scope-of-employment element of Mr. Mills's claim by tending to disprove a material factual allegation by Mr. Mills. Nor does this evidence show that Mr. Mills cannot prove at trial that he was within the scope of his employment when he fell. CSX has not shown that Mr. Mills's use of the rear steps during his training break or the activity of retrieving his blood pressure medication are not acts incidental to actual work under the FELA. CSX, therefore, has failed to satisfy its burden of production as to this element.

---

**3.** The United States Supreme Court has held that "[t]he weight of the evidence under the Employers' Liability Act must be more than a scintilla before the case may be properly left to the discretion of the trier of fact—in this case, the jury." *Brady v. S. Ry. Co.*, 320 U.S. 476, 479, 64 S.Ct. 232, 88 L.Ed. 239 (1943). This holding is relevant to motions for directed verdict when a trial court's failure to grant the motion may subject the defendant to a verdict based on "legally unfounded claims." *Id.* at 479–80, 64 S.Ct. 232. However, it is inapplicable to motions for summary judgment, a procedure that is similar to but distinct from a motion for directed verdict. Although the granting of either motion will preclude the trier of fact from considering the case, summary judgment is entered before the nonmoving party has had the opportunity to fully present its evidence at a trial while a directed verdict is requested "at the close of the evidence offered by an opposing party or at the close of the case." Tenn. R. Civ. P. 50.01; *see Blair*, 130 S.W.3d at 768 (stating that both procedures' use of the same standard to evaluate evidence does not mean "that any case which results in a directed verdict should have been resolved by summary judgment"); *Hamrick v. Spring City Motor Co.*, 708 S.W.2d 383, 389 (Tenn.1986) (distinguishing summary judgment and directed verdict as one depending "upon a partial record developed through depositions or affidavits; the other after an evidentiary record developed as fully as the parties see fit").

CSX next argues that Mr. Mills cannot prove that CSX was negligent. We again consider federal substantive law to determine the elements of negligence under the FELA. An FELA claimant must prove the common law elements of negligence. *Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 543–44, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994); *Adams v. CSX Transp., Inc.*, 899 F.2d 536, 539 (6th Cir.1990). "Under FELA, a railroad has a duty to provide its employees with a reasonably safe workplace." *Van Gorder*, 509 F.3d at 269. CSX concedes that under the FELA it has a non-delegable duty to its employees to provide a reasonably safe workplace even when the duty requires the railroad to cross onto a third party's premises over which the railroad has no control. *See Empey v. Grand Trunk W. R.R. Co.*, 869 F.2d 293, 296 (6th Cir.1989) (citing *Shenker v. Balt. & Ohio R.R. Co.*, 374 U.S. 1, 7, 83 S.Ct. 1667, 10 L.Ed.2d 709 (1963)). CSX argues that Mr. Mills cannot prove that CSX breached this duty. To prove a breach of duty under the FELA, an employee must show that the railroad " 'knew, or by the exercise of due care should have known' that prevalent standards of conduct were inadequate to protect [the employee] and similarly situated employees." *Van Gorder*, 509 F.3d at 269–70.

In support of its motion, CSX points to two interviews and a deposition of Mr. Mills in which Mr. Mills states that he was unsure what caused his fall, that gravel or small pebbles caused his fall, and that a defect on the stairs caused his fall. The record shows that Mr. Mills stated at times that he could not identify what caused his fall but that something caused his fall:

- "[A]fter I hit the ground, I didn't know nothing much."

- "[T]here must have been something on it, because my left foot, it just slid out from under me."
- "I know that there was something there that caused me to [fall]."
- "But, there had to be something there, and I don't know what it was that caused me to fall that day."

At other times, Mr. Mills stated that he saw debris or a possible defect on the stairs:

- "There was some loose sand or something down there, it looked like, but these steps had been worn in different places there."
- "It was little bitty pebble like of a sandy, I don't know, concrete mixture or something like that.... Just a few pieces. There wasn't four or five pieces."
- "I looked and when I went back up these stairs, and there was some kind of little, looked like little gravel ... and I figured that might have been what I slipped on, but I was in such a state right then, I didn't know for sure";
- "There was something there that, maybe a round rock or something that I slipped on, made me trip."

CSX argues that these statements show that Mr. Mills cannot state with certainty what caused his fall. CSX contends that since Mr. Mills does not know the cause of his fall on the stairway, he is unable to prove that CSX breached its non-delegable duty to provide a reasonably safe workplace.

CSX again fails to satisfy its burden of production. The record shows that Mr. Mills stated that the steps were worn and had loose sand on them. CSX's repeated identification of Mr. Mills's multiple statements concerning the cause of his fall does not tend to disprove that CSX breached its

duty under the FELA to provide a reasonably safe workplace. Nor does the variety of Mr. Mills's statements demonstrate that Mr. Mills cannot prove that CSX breached its duty. Although Mr. Mills's statements show uncertainty, he never contradicts the factual assertion that a stairway defect or debris on the stairway caused his fall, and he repeatedly denies that he might have fallen for no reason. CSX therefore has not satisfied its burden of production.

Finally, CSX argues that Mr. Mills cannot prove causation at trial. Under the FELA, this element requires the claimant to prove that the employer's negligence "played any part, even the slightest, in producing the injury ... for which damages are sought." *Rogers v. Mo. Pac. R.R. Co.*, 352 U.S. 500, 506, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957).[4] Again, the record shows that at various times Mr. Mills stated that debris on the stairs, a stairway defect, or both caused his fall. In support of its motion, CSX again argues that Mr. Mills's statements show that he can only "speculate" as to the cause of his fall and subsequent injury. This evidence is insufficient to meet CSX's burden of production. In *McCarley v. West Quality Food Service*, for example, we held that the moving party, a restaurant, failed to negate an essential element of causation when it identified in the record alternative causes of the nonmoving party's food poisoning. 960 S.W.2d 585, 588 (Tenn.1998). Mr. Mills's inability to articulate the specific cause of his fall ultimately may impair his ability to prove causation at trial. *See*

*Moore v. Chesapeake & Ohio Ry. Co.*, 340 U.S. 573, 578, 71 S.Ct. 428, 95 L.Ed. 547 (1951) (affirming a grant of a motion notwithstanding the verdict because "[s]peculation cannot supply the place of proof"). In pointing to Mr. Mills's inability to articulate the specific reason for his fall, however, CSX neither shows that Mr. Mills cannot prove the essential element of causation at trial nor does it affirmatively negate that element. CSX therefore has not satisfied its burden of production.

Although the above burden-shifting analysis can be an important tool in deciding whether summary judgment is appropriate, it is not always necessary to engage in this exercise when the nonmoving party has clearly stated a genuine issue of material fact that would preclude summary judgment as a matter of law. Tenn. R. Civ. P. 56.04; *see Downs ex rel. Downs v. Bush*, 263 S.W.3d 812, 819 (Tenn.2008) (finding a genuine issue of material fact that precluded summary judgment); *Bennett v. Trevecca Nazarene Univ.*, 216 S.W.3d 293, 295 (Tenn.2007) ("Because material facts remain in dispute between the parties in this case ..., the trial court erred when it granted summary judgment to the defendant."). In response to CSX's motion for summary judgment, Mr. Mills produced the affidavit of Mr. Miller, who stated that a metal lip caused him to trip on the same stairs shortly after Mr. Mills had fallen. Mr. Miller's affidavit creates a genuine issue of material fact regarding whether there was a conspicuous defect on

---

4. It is not entirely clear which standard of causation *Rogers* applies to FELA cases—the common law standard or a relaxed standard. In a concurrence to *Norfolk Southern Railway Co. v. Sorrell*, Justice Souter, joined by Justices Scalia and Alito, argued that the concept of a relaxed causation standard in FELA actions is incorrect and is the result of a misreading of *Rogers*. *Sorrell*, 549 U.S. at 172–77, 127 S.Ct. 799 (Souter, J., concurring).

Justice Ginsburg, however, disagreed. In her opinion, the *Sorrell* majority's decision not to address which causation standard applies in FELA cases left intact an earlier pronouncement by the Court that *Rogers* established a relaxed causation standard in FELA cases. *See id.* at 177–78, 127 S.Ct. 799 (Ginsburg, J., concurring). A resolution of this issue, however, is not necessary to the disposition of this case.

the stairs. Resolving this issue is necessary to determine whether CSX breached its duty under the FELA to provide its employees a reasonably safe workplace and whether that failure caused Mr. Mills's injuries. Without regard to whether CSX met its burden of production, this issue of material fact precludes summary judgment.

### Conclusion

Based on the foregoing analysis, the trial court erred in granting CSX's motion for summary judgment because CSX neither affirmatively negated an essential element of Mr. Mills's claim nor showed that Mr. Mills cannot prove an essential element of his claim at trial. In addition, Mr. Mills identified an issue of material fact that must be addressed to determine whether CSX breached its duty under the FELA and whether the breach, if any, caused Mr. Mills's injuries. The existence of a genuine issue of material fact precludes summary judgment. The matter is remanded to the trial court for proceedings consistent with this opinion. The costs of this appeal are assessed against CSX Transportation, Inc., for which execution may issue if necessary.