# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### September 4, 2009 Session

## GERRY G. KINSLER v. BERKLINE, LLC

**Appeal by Permission from the Court of Appeals, Eastern Section**
**Circuit Court for Hamblen County**
**No. 06CV148    Thomas J. Wright, Judge**

_____

**No. E2007-02602-SC-R11-CV - Filed September 20, 2010**

_____

The employer discharged the employee three days after he rejected an offer to settle his workers' compensation claim, and the employee brought a retaliatory discharge action against the employer. The trial court granted the employer summary judgment, which the Court of Appeals reversed. We hold that genuine issues of material fact preclude summary judgment. We therefore affirm the judgment of the Court of Appeals.

**Tenn. R. App. P. 11 Appeal by Permission;**
**Judgment of the Court of Appeals Affirmed**

JANICE M. HOLDER, C.J., delivered the opinion of the Court, in which GARY R. WADE, J. joined. CORNELIA A. CLARK, J., filed a separate opinion concurring in part and concurring in the judgment, in which WILLIAM C. KOCH, JR., J. joined. SHARON G. LEE, J., not participating.

Kelly A. Campbell, Morristown, Tennessee, for the appellant, Berkline, LLC.

Mark S. Stapleton, Rogersville, Tennessee, and William Lewis Jenkins, Jr., Dyersburg, Tennessee, for the appellee, Gerry G. Kinsler.

Justin S. Gilbert, Jackson, Tennessee; Donald A. Donati and William B. Ryan, Memphis Tennessee; and Wade B. Cowan, Nashville, Tennessee, for the amicus curiae, Tennessee Employment Lawyers Association.

**OPINION**

Facts and Procedural History

Defendant Berkline, LLC (Berkline) employed Gerry G. Kinsler as a "maintenance multicraftsman." His duties as a multicraftsman included servicing and repairing machines and equipment in Berkline's furniture manufacturing plant and maintaining the plant, building, and grounds. A job description established by Berkline in 1992 for multicraftsmen states that one physical requirement is the occasional lifting of up to seventy-five pounds.

On June 9, 2005, Mr. Kinsler was injured when another multicraftsman dropped a motor that he and Mr. Kinsler were lifting. The injury required medical treatment, during which time Berkline placed Mr. Kinsler on modified/restricted duty repairing air tools in the maintenance shop. Mr. Kinsler reached maximum medical improvement in September 2005. Relying on a "functional capacity evaluation study" conducted on September 25, 2005, Mr. Kinsler's treating physician imposed a permanent lifting restriction of no more than thirty pounds. Berkline returned Mr. Kinsler to the maintenance department at the same hourly rate of pay he earned prior to his injury but with limited duties, including repairing air tools, cleaning the shop, and answering the phone. These tasks previously had been performed by all multicraftsmen and not assigned to a particular employee.

Mr. Kinsler repeatedly told his supervisors that he wanted to resume his pre-injury responsibilities. Mr. Kinsler asserted that he could perform the essential duties of a multicraftsman while remaining within his lifting restriction because multicraftsmen helped each other and used equipment when heavy lifting was required. Berkline commissioned a job site evaluation to determine his ability to return to his pre-injury job. The evaluation was conducted by Andrew Smith, a physical therapist, on December 21, 2005. Mr. Kinsler, his supervisor, and Berkline's workers' compensation administrator provided Mr. Smith with a description of the maintenance multicraftsman position. Mr. Smith then weighed parts and equipment that Mr. Kinsler "may be required" to lift, carry, or handle if he resumed his pre-injury job.

Mr. Smith delivered a job site evaluation report to Berkline on January 5, 2006. It stated, "There are situations that occur throughout the workday that require[ ] the lifting, carrying, or positioning of materials/equipment/parts that could weigh over fifty pounds." Mr. Smith compared this information to Mr. Kinsler's performance on the functional capacity evaluation study and concluded that "Mr. Kinsler presently does not have the functional capacities or capabilities to perform all of the essential duties or meet all of the physical demand requirements of a Maintenance Multicraftsman."

Contemporaneous with Mr. Kinsler's request to resume his pre-injury responsibilities, Berkline's workers' compensation administrator discussed with Mr. Kinsler settling any workers' compensation claims arising from the June 9, 2005 injury. Mr. Kinsler agreed to a settlement amount, and the administrator scheduled a settlement approval hearing on January 9, 2006. At that meeting, however, a Department of Labor representative suggested that Mr. Kinsler complete a scheduled medical evaluation of his shoulder prior to settling his case, and Mr. Kinsler rejected Berkline's settlement offer.

At some point in time between January 9 and 12, 2006, Mr. Kinsler's supervisors reviewed Mr. Smith's job site evaluation report. They met with Mr. Kinsler concerning the report on January 12, 2006, and Berkline discharged Mr. Kinsler during that meeting.

Mr. Kinsler filed a retaliatory discharge claim alleging that Berkline terminated his employment because he refused its offer to settle his workers' compensation claim. Berkline moved for summary judgment. It alleged that Mr. Kinsler could not prove that his rejection of Berkline's settlement offer was a substantial factor in its motivation to terminate Mr. Kinsler's employment. Berkline alleged that it discharged Mr. Kinsler for the legitimate reason that Mr. Kinsler could not perform all of the responsibilities of a maintenance multicraftsman with his lifting restriction.

The trial court granted summary judgment. The Court of Appeals reversed, holding that there were genuine issues of material fact regarding Berkline's actual motivation for discharging Mr. Kinsler. We granted Berkline's application for permission to appeal to determine whether summary judgment is appropriate in this case.

Analysis

The granting or denying of a motion for summary judgment is a matter of law, and our standard of review is de novo with no presumption of correctness. Blair v. W. Town Mall, 130 S.W.3d 761, 763 (Tenn. 2004). Summary judgment should be rendered "forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. As the party moving for summary judgment, Berkline has the burden of showing that there is no genuine issue of material fact as to Mr. Kinsler's common law retaliatory discharge claim. See Martin v. Norfolk S. Ry. Co., 271 S.W.3d 76, 83 (Tenn. 2008).

For common law retaliatory discharge cases such as the one before us, the employee has the burden of proving the four elements of the claim:

3

(1) that an employment-at-will relationship existed;

(2) that the employee was discharged;

(3) that the reason for the discharge was that the employee attempted to exercise a statutory or constitutional right, or for any other reason which violates a clear public policy evidenced by an unambiguous constitutional, statutory, or regulatory provision; and

(4) that a substantial factor in the employer's decision to discharge the employee was the employee's exercise of protected rights or compliance with clear public policy.

Gossett v. Tractor Supply Co., Inc., No. M2007-02530-SC-R11-CV, __ S.W.3d __, __ (Tenn. 2010) (citing Crews v. Buckman Labs. Int'l, Inc., 78 S.W.3d 852, 862 (Tenn. 2002)).

To show that there is no genuine issue of material fact, Berkline must either produce or identify evidence "that affirmatively negates an essential element of the nonmoving party's claim or shows that the nonmoving party cannot prove an essential element of the claim at trial." See Mills v. CSX Transp., Inc., 300 S.W.3d 627, 631 (Tenn. 2009). Berkline challenges Mr. Kinsler's ability to establish the causation element of his claim. At trial, Mr. Kinsler must show that his rejection of Berkline's settlement offer was a substantial factor in Berkline's decision to discharge him. See Crews, 78 S.W.3d at 862. Mr. Kinsler's rejection of the settlement offer would constitute a substantial factor in Berkline's decision if the rejection was "an important or significant motivating factor for the discharge." Anderson v. Standard Register Co., 857 S.W.2d 555, 558 (Tenn. 1993).

Berkline contends that Mr. Kinsler cannot establish that his rejection of the settlement offer constituted a substantial factor in Berkline's decision to discharge him. In support of its argument, Berkline has presented evidence that it discharged Mr. Kinsler solely because his permanent lifting restriction prevented him from performing the responsibilities of a maintenance multicraftsman. Berkline points to Mr. Kinsler's deposition and reports from Mr. Kinsler's treating physician to show that Mr. Kinsler has a permanent lifting restriction of no more than thirty pounds. It has produced a 1992 job description stating that one physical requirement of a maintenance multicraftsman is the lifting of up to seventy-five pounds. Berkline also has produced a job site evaluation report stating that parts and equipment Mr. Kinsler may be required to handle "could weigh over fifty pounds" and concluding that Mr. Kinsler could not perform all the responsibilities of a maintenance multicraftsman with his lifting restriction. Finally, Berkline has pointed to statements from Mr. Kinsler's deposition in which Mr. Kinsler admits that the maintenance multicraftsman position requires lifting beyond his restriction approximately five times per year.

4

As we stated in Mills, determining whether the evidence identified by Berkline is sufficient to satisfy its burden of production is unnecessary if Mr. Kinsler "has clearly stated a genuine issue of material fact that would preclude summary judgment." 300 S.W.3d at 634. Mr. Kinsler has identified facts in the record that call into question Berkline's proffered reason for Mr. Kinsler's discharge. Cf. Martin, 271 S.W.3d at 84 (stating that a party opposing summary judgment may show a genuine issue of material fact by "pointing to evidence establishing material factual disputes" (citations omitted)). Mr. Kinsler has identified the close temporal proximity, three days, between his rejection of Berkline's settlement offer and his discharge. He points to his affidavit in which he states that he used "tow motors" or other forms of assistance when heavy lifting was required prior to his injury. Mr. Kinsler further states in his deposition that he and other multicraftsmen helped each other with heavy lifting. The record includes depositions of Berkline's workers' compensation administrator and of Mr. Kinsler's supervisor, both of whom state that maintenance multicraftsmen frequently worked together when heavy lifting was required. Mr. Kinsler's supervisor also states that the quality of Mr. Kinsler's work as a maintenance multicraftsman met the standard demanded by Berkline. Finally, a memorandum in Mr. Kinsler's employment file suggests that Berkline was aware that Mr. Kinsler had a lifting restriction of forty pounds as early as 1984.

To determine whether the facts identified by Mr. Kinsler create a genuine issue of material fact, we "must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." Blair, 130 S.W.3d at 768. There is no genuine issue of material fact if the undisputed facts and inferences drawn in the nonmoving party's favor "permit a reasonable person to reach only one conclusion." Staples v. CBL & Assocs., Inc., 15 S.W.3d 83, 89 (Tenn. 2000).

From our review of the record, there are genuine issues of material fact as to whether Berkline discharged Mr. Kinsler for the reasons Berkline stated or because Mr. Kinsler rejected its settlement offer. Taking the strongest legitimate view of the evidence in favor of Mr. Kinsler, allowing all reasonable inferences in his favor, and discarding all countervailing evidence, the record shows that Berkline did not enforce the lifting restrictions for the maintenance multicraftsman position as to Mr. Kinsler until three days after he rejected its settlement offer. Based on these facts, a reasonable person could reach more than one conclusion as to whether Mr. Kinsler's rejection of the settlement offer was a substantial factor in Berkline's decision to discharge him. This genuine issue of material fact precludes summary judgment. See Mills, 300 S.W.3d at 635; see also Wright v. Murray Guard, Inc., 455 F.3d 702, 721 (6th Cir. 2006) (Moore, J., concurring) ("Inquiries regarding what actually motivated an employer's decision are very fact intensive . . . .").

5

Because this genuine issue of material fact is easily ascertainable and dispositive of summary judgment, conducting the burden-shifting analysis described in Hannan v. Alltel Publishing Co., 270 S.W.3d 1, 8-9 (Tenn. 2008), is unnecessary to the disposition of this case. Nor do we need to use the framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), as the separate opinion indicates we should, to consider this retaliatory discharge case. We have held that summary judgment is permissible if and only if there is no genuine issue of material fact as to an essential element. See Mills, 300 S.W.3d at 634-35; Martin, 271 S.W.3d at 87. We have identified a genuine issue of material fact that precludes summary judgment. Further analysis therefore is unnecessary.

Conclusion

For the reasons articulated above, we hold that summary judgment was improperly granted in Mr. Kinsler's common law retaliatory discharge action against Berkline. The judgment of the Court of Appeals reversing the trial court's grant of summary judgment is affirmed. Costs are assessed against the appellant, Berkline, LLC, for which execution may issue if necessary.

_____
JANICE M. HOLDER, CHIEF JUSTICE