# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
May 28, 2014 Session Heard at Cookeville[1]

# ANDREW SPENCER v. NORFOLK SOUTHERN RAILWAY COMPANY

**Appeal by Permission from the Court of Appeals, Eastern Section**
**Circuit Court for Hamilton County**
**No. 10C1029     W. Jeffrey Hollingsworth, Judge**

---

**No. E2012-01204-SC-R11-CV - Filed August 29, 2014**

---

The plaintiff, who was injured while pulling a switch for his employer, Norfolk Southern Railway, filed suit for negligence under the Federal Employers' Liability Act. The jury returned a verdict in favor of the defendant railroad. The Court of Appeals, ruling that the trial court had provided an erroneous jury instruction, reversed the jury verdict and granted the plaintiff a new trial. Because we find that the instruction qualifies as "substantially accurate" in the context of the entire charge, we reverse the judgment of the Court of Appeals and reinstate the verdict of the jury.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Reversed**

GARY R. WADE, C.J., delivered the opinion of the Court, in which JANICE M. HOLDER, CORNELIA A. CLARK, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Craig R. Allen and Benjamin T. Reese, Chattanooga, Tennessee, for the appellant, Norfolk Southern Railway Company.

John A. Moss and John D. Steel, Admitted Pro Hac Vice, Atlanta, Georgia; John A. Day, Brentwood, Tennessee; and Michael E. Richardson, Chattanooga, Tennessee, for the appellee, Andrew Spencer.

---

[1] Oral argument was heard in this case on May 28, 2014, at Tennessee Technological University in Cookeville, Putnam County, Tennessee, as part of this Court's S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project.

# OPINION

## I. Facts and Procedural History

On May 16, 2010, Andrew Spencer (the "Plaintiff"), an employee of Norfolk Southern Railway Company (the "Railroad"), seriously injured his back when he threw a switch in the rail yard in an effort to move a section of track. The Plaintiff sued the Railroad under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51–60 (2006), alleging that the Railroad was negligent because it knew or should have known that the switch was not operating properly and failed to take adequate precautionary measures to ensure safe working conditions.

Prior to trial, the Plaintiff and the Railroad each requested special jury instructions with respect to the Railroad's knowledge of the condition of the switch. The trial court conferred with counsel in an effort to prepare proper instructions but the Plaintiff objected to the trial court's proposed instruction on notice. The trial court overruled that objection and also denied the special notice instructions sought by the Plaintiff and the Railroad. At the conclusion of the proof, the trial court provided the following instruction:

> In this case [the Plaintiff] must prove that [the Railroad], [(1)] knew or should have known that <u>on the day of the incident</u> the switch was not operating properly; [(2)] that the switch was not operating properly because of [the Railroad's] negligence in failing to properly maintain the switch; and, [(3)] . . . that the incident on May 16, 2010[,] caused the injury the [P]laintiff claims to have suffered.
>
> . . . .
>
> The [R]ailroad is said to have notice of an unsafe work condition if it actually knows or reasonably should have known of the unsafe condition based on . . . complaints, letters, petitions, reasonable investigations[,] and safety meetings.
>
> In this case the [P]laintiff must show that with due care [the Railroad] knew or should have known that <u>on the day of the incident</u> the switch was not operating properly. If you find [that the Railroad] knew or should have known that the conditions in which [the Plaintiff] worked could cause injury to him and failed to rectify those conditions, then . . . the [R]ailroad[] was negligent.

(Emphasis added.) Following the trial court's charge to the jury, the Plaintiff again objected to the trial court's notice instruction, and the trial court again overruled the objection.

During its deliberations, the jury submitted a question as to whether the Plaintiff was required to prove all three elements as charged in the first paragraph of this portion of the instruction. The jury inquired whether a "no" answer to any of these elements necessarily required a finding in favor of the Railroad. The trial court confirmed that all three elements had to be present in order to find negligence. Afterwards, the jury returned a verdict for the Railroad.

In his motion for a new trial, the Plaintiff challenged the propriety of the notice instruction, claiming that the trial court had erroneously narrowed the "notice window" by instructing the jury that the Railroad could be found negligent only if it "knew or should have known that, on the day of the incident, the switch was not operating properly." (Emphasis added.) According to the Plaintiff, the inclusion of the phrase "on the day of the incident" improperly required him to prove that the Railroad had obtained knowledge of the condition of the switch on the actual date of the incident, rather than on some prior date.[2] The trial court rejected the Plaintiff's contention and denied his motion for a new trial, concluding that the instructions, when read in their entirety, did not require proof of notice on the specific date of the injury.

The Court of Appeals reversed, holding that the trial court's notice instruction "improperly focused and limited the jury on whether the Railroad knew or should have known that the switch was not operating properly on May 16, 2010," and that "[l]imiting the notice and foreseeability requirement to what the Railroad knew or should have known on that one single day was improper and placed a burden upon the Plaintiff not required by . . . FELA and the cases interpreting . . . FELA." Spencer v. Norfolk S. Ry., No. E2012-01204-COA-R3-CV, 2013 WL 3946118, at *5 (Tenn. Ct. App. July 29, 2013).

We granted the Railroad's application for permission to appeal. Although stated as two issues in the Railroad's application and in its brief, there is really a single issue before this Court: Whether the jury instruction requiring the Plaintiff to prove that the Railroad knew or should have known that on the day of the incident the switch was not operating properly, was substantially accurate or was so misleading as to require a new trial.

---

[2] At trial, the Plaintiff phrased his objection as follows:

[W]hat [the Plaintiff] must prove is not that the [R]ailroad knew or should have known that the switch was not operating properly. . . . [The Plaintiff] must prove that the [R]ailroad failed to properly maintain the switch. . . . [T]hey didn't have to know that the switch was not operating properly on that day. That's not the burden. It's that it was not properly maintained.

## II. Standard of Review

"Whether a jury instruction is erroneous is a question of law and is therefore subject to de novo review with no presumption of correctness." Nye v. Bayer Cropscience, Inc., 347 S.W.3d 686, 699 (Tenn. 2011) (citing Solomon v. First Am. Nat'l Bank of Nashville, 774 S.W.2d 935, 940 (Tenn. Ct. App. 1989)). Trial courts have "a duty to impart 'substantially accurate instructions concerning the law applicable to the matters at issue.'" Id. (quoting Hensley v. CSX Transp., Inc., 310 S.W.3d 824, 833 (Tenn. Ct. App. 2009)). This is important because "[t]he legitimacy of a jury's verdict is dependent on the accuracy of the trial court's instructions, which are the sole source of the legal principles required for the jury's deliberations." Id. In determining whether a jury instruction is substantially accurate, we review the charge in its entirety and consider it as a whole, and we will not invalidate an instruction that "'fairly defines the legal issues involved in the case and does not mislead the jury.'" Id. (quoting Otis v. Cambridge Mut. Fire Ins. Co., 850 S.W.2d 439, 446 (Tenn. 1992)). Moreover, "[j]ury instructions are not measured against [a] standard of perfection." Akers v. Prime Succession of Tenn., Inc., 387 S.W.3d 495, 504 (Tenn. 2012) (first alteration in original) (quoting City of Johnson City v. Outdoor W., Inc., 947 S.W.2d 855, 858 (Tenn. Ct. App. 1996)).

## III. Analysis
## A. The Federal Employers' Liability Act

FELA, enacted by Congress in 1908, provides, in pertinent part, as follows:

> Every common carrier by railroad while engaging in commerce . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

45 U.S.C. § 51.[3] A plaintiff may bring an action under FELA in either federal or state court. Id. § 56. Although FELA claims filed in state court generally are subject to state procedural rules, federal substantive law always controls FELA claims, regardless of the court in which such claims are filed. Mills, 300 S.W.3d at 631. Thus, we look to federal substantive law for the four elements of a FELA claim:

---

[3] FELA pertains only to railroads in their capacity as employers. See Mills v. CSX Transp., Inc., 300 S.W.3d 627, 630 & n.2 (Tenn. 2009); see also CSX Transp., Inc. v. Miller, 858 A.2d 1025, 1028-29 (Md. Ct. Spec. App. 2004) ("The only possible defendants are railroads engaged in interstate commerce. The only possible plaintiffs are the employees of those railroads who are injured on the job.").

(1) the employee was injured in the scope of employment;

(2) the employee's employment was in furtherance of the railroad's interstate transportation business;

(3) the railroad was negligent; and

(4) the railroad's negligence "played some part in causing the injury for which [the employee] seeks compensation under FELA."

Id. (alteration in original) (quoting Van Gorder v. Grand Trunk W. R.R., 509 F.3d 265, 269 (6th Cir. 2007)).

The jury instruction at issue pertains to the third element of the Plaintiff's FELA claim—the negligence of the Railroad—which required the Plaintiff to prove the common law elements of negligence: duty, breach, foreseeability, and causation. Adams v. CSX Transp., Inc., 899 F.2d 536, 539 (6th Cir. 1990) (quoting Robert v. Consol. Rail Corp., 832 F.2d 3, 6 (1st Cir. 1987)). Under FELA, a railroad has a duty to provide its employees with a reasonably safe place in which to work. Mills, 300 S.W.3d at 633 (quoting Van Gorder, 509 F.3d at 269). To prove a breach of this duty, the evidence must establish that the railroad had notice; that is, that the railroad knew or should have known of the condition of the workplace that caused the employee's injury. Szekeres v. CSX Transp., Inc., 617 F.3d 424, 430-31 (6th Cir. 2010) ("Under [the] law, [the railroad] could not be convicted of negligence, absent proof that such defect was known, or should or could have been known, by [the railroad], with opportunity to correct it." (quoting Miller v. Cincinnati, New Orleans & Tex. Pac. Ry., 317 F.2d 693, 695 (6th Cir. 1963))); see also Mills, 300 S.W.3d at 633 ("To prove a breach of duty under . . . FELA, an employee must show that the railroad knew, or by the exercise of due care should have known[,] that prevalent standards of conduct were inadequate to protect [the employee] and similarly situated employees." (third alteration in original) (quoting Van Gorder, 509 F.3d at 269-70) (internal quotation marks omitted)). Such notice need not be established by direct evidence; a jury may infer that the workplace condition could have been discovered by the defendant railroad at any time prior to the injury through the exercise of reasonable care or inspection. Szekeres, 617 F.3d at 431 (quoting Miller, 317 F.2d at 695).

### B. The Jury Instruction

In this appeal, the Railroad argues that the trial court's notice instruction, in proper context, was substantially accurate, meaning that the instruction was not misleading and fairly defined for the jury the legal issue of notice. The Railroad maintains that the notice instruction did not improperly require the Plaintiff to show that the Railroad was placed on notice of the unsafe switch on the specific date of the injury, and that the entirety of the instructions demonstrated that the requisite notice could have been established at any time

prior to the incident. We agree.[4]

When holding that the instruction given by the trial court was erroneous and warranted a new trial, the Court of Appeals offered the following rationale:

> The instruction as given by the [t]rial [c]ourt improperly focused and limited the jury on whether the Railroad knew or should have known that the switch was not operating properly on May 16, 2010. In other words, did the Railroad have knowledge on May 16, 2010[,] that the switch was not operating properly on that day. Limiting the notice and foreseeability requirement to what the Railroad knew or should have known on that one single day was improper and placed a burden upon the Plaintiff not required by . . . FELA and the cases interpreting . . . FELA.

Id. at *5. The Court of Appeals further observed that the Plaintiff had acknowledged the special instruction submitted by the Railroad, although rejected by the trial court, as a proper statement of the law. Id. at *6. That special instruction provided as follows:

> The defendant railroad's duty of care is measured by what is reasonably foreseeable under like circumstances. That means that, in measuring the defendant's conduct here, the point of view to be taken should be the view before the accident occurred, to see what, in the light of the facts then known, should or could reasonably have been anticipated. A defendant is not required to guard against that which a reasonably prudent person, under the circumstances, would not anticipate as likely to happen. If a defendant has no reasonable ground to anticipate that a particular condition would or might result in an accident and injury, it has no duty to correct that condition.

Id. The Court of Appeals pointed out that "if the [t]rial [c]ourt had utilized this special instruction, the error as discussed above would have been prevented," and suggested that on remand for a new trial the court may wish to utilize this instruction. Id.

While the special instruction proposed by the Railroad might have been more clear as to the required timing of the receipt of notice, it is not, in our view, a superior instruction. In the future, a more precise statement regarding the notice required to establish a breach of

---

[4] The Court of Appeals, concluding that the notice instruction was misleading and therefore in error, granted the Plaintiff a new trial without conducting a harmless error analysis. See Spencer, 2013 WL 3946118, at *5-6. In light of our holding that the instruction was not erroneous, we need not reach the Railroad's additional argument that any error in the instruction was harmless.

duty would include language regarding whether a defendant knew or should have known at a time sufficiently before the incident in question such that the defendant could have taken action to prevent the incident or ameliorate its effects. See Szekeres, 617 F.3d at 431. Nevertheless, the instruction provided by the trial court, in our view, was substantially accurate and, therefore, was not erroneous. The trial court's instruction did not state that the Railroad must have obtained its knowledge only on the actual date of the Plaintiff's injury. Rather, under the instruction provided by the trial court, this knowledge of the condition of the switch on the date of the incident could have been obtained by the Railroad prior to the date of the incident. If the Plaintiff had proof that the Railroad received notice of the condition of the switch on a date prior to the incident, such proof also would establish that the Railroad knew or should have known of the unsafe condition on the day of the incident, absent proof that the prior condition had been corrected during the intervening time period. The reasonable interpretation of the instruction—requiring the Plaintiff to prove that the Railroad "knew or should have known that on the day of the incident the switch was not operating properly"—is that the proof had to establish that the switch was not operating properly at the time of the incident and that the Railroad was aware or should have been aware of this fact.[5]

Moreover, there is nothing in the trial court's instruction to suggest that the Railroad would be insulated from liability if it had received notice prior to the date of the incident resulting in the Plaintiff's injury. In fact, the trial court explained as a part of its instruction that notice to the Railroad could have been "based on . . . complaints, letters, petitions, reasonable investigations and safety meetings." These examples clearly indicate that the Railroad's notice of the defective switch could have occurred at any time prior to the incident. If the Railroad had received notice of the defective condition of the switch a week before the incident, for example, and the defect had not been corrected by the time of the Plaintiff's injury, the Railroad still would have possessed such knowledge of the defect when the incident occurred.

Finally, our interpretation of the instruction is supported by portions of defense counsel's closing argument. Although counsel for the Railroad included in his closing argument the subject language from the trial court's instruction on notice, he also made the

---

[5] The grammatical structure of the jury charge clearly supports this interpretation. The placement of the word "that" before "on the day of the incident" is important. If the word "that" had been placed after "on the day of the incident," then the Plaintiff might have a stronger argument that the trial court improperly narrowed the "notice window." As given, however, the instruction specifies the time at which "the switch was not operating properly," not the time when the Railroad "knew or should have known" of the condition of the switch. In other words, the most reasonable interpretation of the instruction is to say, "The Plaintiff was required to prove that the Railroad knew or should have known that the switch was not operating properly on the day of the incident."

following statements:

> If you find that [the Railroad] knew or should have known that the conditions on which [the Plaintiff] worked could have caused [his injury] and [the Railroad] failed to rectify that condition, then it was negligent. But [the Plaintiff must] prove that [the Railroad] knew <u>that day or before that day</u> and didn't correct it.

> . . . .

> [O]n May 11, 2010, [an assistant track supervisor for the Railroad] threw that switch and found no problems with it and said that it did not need maintenance, it did not need sweeping, it did not need graphiting. May 11, five days before [the Plaintiff's] incident.

> It is further undisputed that from that date until the date of the incident, May 16, there were no complaints.

> . . . .

> So I submit to you, for [the Plaintiff] to prevail in this case, he's going to have to put on proof, prove to you by a preponderance of the evidence <u>that somebody complained about that switch on May 13, 14 or 15, and it wasn't taken care of like it should have been</u> . . . .

(Emphasis added.) These statements indicate that the Railroad recognized that the Plaintiff's negligence claim could have been established by proof that the Railroad was on notice of the condition of the switch at some time prior to the date of the incident.

### IV. Conclusion

The notice instruction, in context, qualifies as "substantially accurate" because, if not ideal, the instruction adequately defined the law with respect to notice and did not mislead the jury. The instruction, therefore, was not erroneous and a new trial is not warranted. As discussed, however, a more precise statement of the law would instruct the jury to determine whether a defendant knew or should have known at a time sufficiently before the incident in question such that the defendant could have taken action to prevent the incident or ameliorate its effects. The judgment of the Court of Appeals is reversed and the verdict of the jury is reinstated. Costs are assessed to Andrew Spencer and his surety, for which execution may issue if necessary.

_____
GARY R. WADE, CHIEF JUSTICE