IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
October 6, 2016 Session

## CHARLES GROGAN v. DANIEL UGGLA, ET AL.

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Williamson County**
**No. 2011443   James G. Martin, III, Judge**

———————————————

**No. M2014-01961-SC-R11-CV**

———————————————

SHARON G. LEE, J., dissenting.


The primary issue is whether a home inspector owes a duty of reasonable care to a homeowner's guest. Viewing the facts in the light most favorable to the guest, as is required at the summary judgment stage, it was foreseeable that a negligent inspection of the home, and particularly the second-story deck railing, could result in a significant injury to a guest. The foreseeability and gravity of the harm outweighs the burden on the home inspector to protect against the harm. Due to the importance of home inspections, public policy favors the imposition of a duty of care on the home inspector. Therefore, a home inspector, as a matter of law, owes a duty of reasonable care to a guest of the homeowner. Here, a jury should have had the opportunity to decide whether the home inspector breached his duty of care. For these reasons, I dissent from the dismissal of the guest's claim against the home inspector.

An essential element of a negligence claim is duty—the defendant's legal obligation to "conform to a reasonable person's standard of care to protect against unreasonable risks of harm." *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009) (citing *Burroughs v. McGee*, 118 S.W.3d 323, 328–29 (Tenn. 2003); *McClung v. Delta Square Ltd. P'ship.*, 937 S.W.2d 891, 894 (Tenn. 1996)).

A risk of harm is unreasonable when the foreseeability and gravity of potential harm outweigh the burden imposed on the defendant to protect against the harm. *See Satterfield v. Breeding Insulation Co.*, 266 S.W.3d 347, 365 (Tenn. 2008) (citing *West v. E. Tenn. Pioneer Oil Co.*, 172 S.W.3d 545, 551 (Tenn. 2005); *Burroughs*, 118 S.W.3d at 329; *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995)); *see also Downs ex rel. Downs v. Bush*, 263 S.W.3d 812, 820 (Tenn. 2008) (citing *McCall*, 913 S.W.2d at 153).

A duty of care does not arise unless the plaintiff's injury is reasonably foreseeable. *Satterfield*, 266 S.W.3d at 366 (citing *Doe v. Linder Constr. Co.*, 845 S.W.2d 173, 178 (Tenn. 1992)). But foreseeability alone is not sufficient. *Id.* (citing *McClung*, 937 S.W.2d at 904). The probability or likelihood of harm must be significant enough to induce a reasonable person to avoid the conduct. *Id.* at 367 (citing *Lopez v. Three Rivers Elec. Co-op., Inc.*, 26 S.W.3d 151, 156 (Mo. 2000); *Knoll v. Bd. of Regents of Univ. of Neb.*, N.W.2d 757, 763 (1999)). Therefore, we focus on foreseeability and gravity of harm and whether these factors outweigh the burden on the defendant to protect against the harm. *See Downs*, 263 S.W.3d at 820 (citing *McCall*, 913 S.W.2d at 153). We then consider if imposing a duty accords with "society's contemporary policies and social requirements concerning the right of individuals and the general public to be protected from another's act or conduct." *Satterfield*, 266 S.W.3d at 364 (quoting *Bradshaw v. Daniel*, 854 S.W.2d 865, 870 (Tenn. 1993)) (internal quotation marks omitted).

In reviewing the home inspector's motion for summary judgment, we view the facts in the light most favorable to the guest. *Parker v. Holiday Hospitality Franchising, Inc.*, 446 S.W.3d 341, 347 (Tenn. 2014) (citing *Mills v. CSX Transp., Inc.*, 300 S.W.3d 627, 632 (Tenn. 2009)).

In 2010, Daniel Uggla authorized his brother to locate and purchase a home for him in Franklin, Tennessee. After finding a suitable home, Mr. Uggla's brother signed a sales contract contingent on a home inspection. Mr. Uggla hired Jerry Black of Pillar to Post, Inc., to inspect the home. On September 8, 2010, Mr. Black inspected the home and issued a report, listing several areas requiring repairs, including the wooden flooring on the home's second-story exterior deck. He did not report any defect in the deck railing. After the sellers repaired the flooring, Mr. Uggla purchased the home.

On October 8, 2010, Mr. Uggla hosted a housewarming party. During the party, Charles Grogan walked out onto the home's second-story exterior deck and leaned on the deck's wooden railing. The railing broke. Mr. Grogan fell to the ground level, sustaining serious injuries.

Mr. Grogan sued, alleging that Mr. Black breached his duty to use reasonable care in conducting the home inspection by failing to discover the defective deck railing. Mr. Grogan's second amended complaint alleged that Mr. Black should have known that the deck railing was not properly constructed and that its construction was not in compliance with applicable building codes.[1] The allegations of negligence, however, were not limited only to Mr. Black's failure to discover building code violations.

---

[1] Mr. Grogan alleged, in part, that:

> [Mr. Black] knew or in the exercise of reasonable care as a professional inspector should have known that the second floor rear exterior deck railing was constructed with interior finishing nails in violation of local, state and national building codes, and constituted an

Mr. Black denied liability and asserted in a motion for summary judgment that he owed no duty to Mr. Grogan, who was not a party to the contract with Mr. Uggla and did not rely on the inspection report. Mr. Black admitted in deposition testimony that one of the goals of a home inspection is to make sure that the home is safe for future occupants of the home. He agreed that "someone might get hurt if you don't know whether there's a potential problem with that railing." Mr. Black also agreed that railing attachments should be inspected, corroded railing attachments should be reported, and exterior railings should be attached with galvanized nails. The deck railing that broke did not have galvanized nails or any visible railing attachment beyond small, corroded finishing nails. Mr. Black did not note these deficiencies in his home inspection report.

It is undisputed that Mr. Grogan neither contracted with Mr. Black for the home inspection nor relied on the inspection report. Instead, Mr. Grogan visited the home as Mr. Uggla's guest, leaned on the deck railing, fell to the concrete surface below when the railing broke, and sustained serious injuries. It is foreseeable that a homeowner will invite guests to his home. It is foreseeable that a home inspector's failure to discover or report a dangerous defect in a second-story deck railing could lead to a serious injury to a guest of the homeowner.

Next, we consider whether the foreseeability and gravity of potential harm outweighed the burden imposed on the home inspector by requiring alternative, preventive conduct. There was no evidence of any alternative measure or that a home inspection performed with due care would have been burdensome or costly to accomplish.

Finally, we consider whether imposing a duty is consistent with public policy. Here, public policy reflects a strong interest in home inspector regulation and accountability. "[I]nspections of residential property are of great importance to the public," as most Tennesseans rely on home inspectors' specialized skills when purchasing a home, which is "generally one of the largest and most important investments" of their lives. *Russell v. Bray,* 116 S.W.3d 1, 6 (Tenn. Ct. App. 2003) (voiding home inspection indemnification clause on public policy grounds).

The Tennessee General Assembly enacted the Tennessee Home Inspector License Act of 2005, 2005 Tenn. Pub. Acts, c. 65, to standardize home inspector education, licensing requirements, and duties. *See* Tenn. Code Ann. §§ 62-6-301 to -308 (2009 &

---

unreasonable risk of harm since it could not withstand reasonable force to prevent someone from falling from the second floor exterior deck. . . . [and] failed to report that the second floor exterior deck railing was negligently constructed in violation of local, state and national building codes and constituted an unreasonable risk of harm.

2017 Supp.). Under this act, an applicant for a home inspector's license must have graduated from high school or received an equivalency degree, completed a ninety-hour course focusing on home inspections and the preparation of home inspection reports, and passed a standardized state test. *See* Tenn. Code Ann. § 62-6-305; *see also* Tenn. Comp. R. & Regs. 0780-05-12-.04(2). The home inspection is defined as "a visual analysis for the purpose of providing a professional opinion" on a building's condition. Tenn. Code Ann. § 62-6-302(3)(A). This visual examination must include exterior components such as "[d]ecks . . . and applicable *railings*." Tenn. Comp. R. & Regs. 0780-05-12-.10(13)(a)(4) (listing mandatory areas to be inspected) (emphasis added). The inspection report must note areas not inspected and deficient components. Tenn. Code Ann. § 62-6-302(4)(A), (B); Tenn. Comp. R. & Regs. 0780-05-12-.10(5)(a)(1), (2). Failing to fulfill these requirements can result in professional discipline, including revocation of the home inspector's license. *See* Tenn. Code Ann. § 62-6-308(a)(7), (9). Home inspectors must have $500,000 in insurance coverage for "general liability as well as errors and omissions to cover all activities contemplated under [the Act]." Tenn. Code Ann. § 62-6-305(7); *accord* Tenn. Comp. R. & Regs. 0780-05-12-.04(2)(g), (h); 0780-05-12-.13(1).

Another court has considered the issue of a home inspector's duty to a social guest under similar facts. In *Oliveira v. Jensen*, No. HHDCV136045373S, 2015 WL 9809752, at *1 (Conn. Super. Ct. Dec. 7, 2015), a guest, attending a housewarming party, was injured when a second-story deck collapsed. A home inspector hired by the homeowner had recently inspected the home and noted no defects. The guest sued the home inspector for negligence. The trial court denied summary judgment, reasoning that the foreseeability of the guest's injury, public policy, and unresolved factual issues all favored allowing the jury to hear the claim. *Id.* at *8–9.

Under our traditional duty analysis, Mr. Black owed Mr. Grogan a duty to exercise reasonable care in conducting the home inspection. The trial court should have denied summary judgment and allowed the case to proceed. For these reasons, I dissent.

_____
SHARON G. LEE, JUSTICE

4