Chief Justice Roberts
delivered the opinion of the Court.
Timothy Sorrell, respondent in this Court, sustained neck and back injuries while working as a trackman for petitioner Norfolk Southern Railway Company. He filed suit in Missouri state court under the Federal Employers’ Liability Act (FELA), 35 Stat. 65, as amended, 45 U. S. C. §§51-60, which makes railroads liable to their employees for injuries “resulting in whole or in part from the negligence” of the railroad, § 51. Contributory negligence is not a bar to recovery under FELA, but damages are reduced “in proportion to the amount of negligence attributable to” the employee, §53. Sorrell was awarded $1.5 million in damages by a jury; Norfolk objects that the jury instructions reflected a more lenient causation standard for railroad negligence than for employee contributory negligence. We conclude that the causation standard under FELA should be the same for both categories of negligence, and accordingly vacate the decision below and remand for further proceedings.
I
On November 1, 1999, while working for Norfolk in Indiana, Sorrell was driving a dump truck loaded with asphalt to be used to repair railroad crossings. While he was driving between crossings on a gravel road alongside the tracks, another Norfolk truck approached, driven by fellow employee Keith Woodin. The two men provided very different accounts of what happened next, but somehow Sorrell’s truck *161 veered off the road and tipped on its side, injuring him. According to Sorrell’s testimony, Woodin forced Sorrell’s truck off the road; according to Woodin, Sorrell drove his truck into a ditch.
On June 18, 2002, Sorrell filed suit against Norfolk in Missouri state court under FELA, alleging that Norfolk failed to provide him with a reasonably safe place to work and that its negligence caused his injuries. Norfolk responded that Sorrell’s own negligence caused the accident.
Missouri purports to apply different standards of causation to railroad and employee contributory negligence in its approved jury instructions for FELA liability. The instructions direct a jury to find an employee contributorily negligent if the employee was negligent and his negligence “directly contributed to cause” the injury, Mo. Approved Jury Instr., Civ., No. 32.07(B), p. 519 (6th ed. 2002), while allowing a finding of railroad negligence if the railroad was negligent and its negligence contributed “in whole or in part” to the injury, id., No. 24.01.[1]
When Sorrell proposed the Missouri approved instruction for employee contributory negligence, Norfolk objected on the ground that it provided a “different” and “much more exacting” standard for causation than that applicable with respect to the railroad’s negligence under the Missouri instructions. App. to Pet. for Cert. 28a-29a. The trial court overruled the objection. App. 9-10. After the jury re *162 turned a verdict in favor of Sorrell, Norfolk moved for a new trial, repeating its contention that the different standards were improper because FELA’s comparative fault system requires that the same causation standard apply to both categories of negligence. Id., at 20. The trial court denied the motion. The Missouri Court of Appeals affirmed, rejecting Norfolk’s contention that “the causation standard should be the same as to the plaintiff and the defendant.” App. to Pet. for Cert. 7a, judgt. order reported at 170 S. W. 3d 35 (2005) (per curiam). The court explained that Missouri procedural rules require that where an approved instruction exists, it must be given to the exclusion of other instructions. Ibid.; see Mo. Rule Civ. Proc. 70.02(b) (2006).
After the Missouri Supreme Court denied discretionary review, App. to Pet. for Cert. 31a, Norfolk sought certiorari in this Court, asking whether the Missouri courts erred in determining that “the causation standard for employee contributory negligence under [FELA] differs from the causation standard for railroad negligence.” Pet. for Cert. i. Norfolk stated that Missouri was the only jurisdiction to apply different standards, and that this conflicted with several Federal Court of Appeals decisions insisting on a single standard of causation for both railroad and employee negligence. See, e. g., Page v. St. Louis Southwestern R. Co., 349 F. 2d 820, 823 (CA5 1965) (“[T]he better rule is one of a single standard”); Ganotis v. New York Central R. Co., 342 F. 2d 767, 768-769 (CA6 1965) (per curiam) (“We do not believe that [FELA] intended to make a distinction between proximate cause when considered in connection with the carrier’s negligence and proximate cause when considered in connection with the employee’s contributory negligence”). In response, Sorrell did not dispute that Missouri courts apply “different causation standards ... to plaintiff’s and defendant’s negligence in FELA actions: The defendant is subject to a more relaxed causation standard, but the plaintiff is sub *163 ject only to the traditional common-law standard.” Brief in Opposition 2. We granted certiorari. 547 U. S. 1127 (2006).
In briefing and argument before this Court, Norfolk has attempted to expand the question presented to encompass what the standard of causation under FELA should be, not simply whether the standard should be the same for railroad negligence and employee contributory negligence. In particular, Norfolk contends that the proximate cause standard reflected in the Missouri instruction for employee contributory negligence should apply to the railroad’s negligence as well.
Sorrell raises both a substantive and procedural objection in response. Substantively, he argues that this Court departed from a proximate cause standard for railroad negligence under FELA in Rogers v. Missouri Pacific R. Co., 352 U. S. 500 (1957). There we stated:
“Under [FELA] the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought.
“[F]or practical purposes the inquiry in these cases today rarely presents more than the single question whether negligence of the employer played any part, however small, in the injury or death which is the subject of the suit.” Id., at 506, 508.
Sorrell argues that these passages from Rogers have been interpreted to mean that a plaintiff’s burden of proof on the question whether the railroad’s negligence caused his injury is less onerous than the proximate cause standard prevailing at common law, citing cases such as Consolidated Rail Corporation v. Gottshall, 512 U. S. 532, 542-543 (1994); Holbrook v. Norfolk Southern R. Co., 414 F. 3d 739, 741-742 (CA7 2005); Hernandez v. Trawler Miss Vertie Mae, Inc., 187 F. 3d *164 432, 436 (CA4 1999); and Summers v. Missouri Pacific R. Co., 132 F. 3d 599, 606-607 (CA10 1997).
Norfolk counters that Rogers did not alter the established common-law rule of proximate cause, but rather simply rejected a flawed and unduly stringent version of the rule, the so-called “sole proximate cause” test. According to Norfolk, while most courts of appeals may have read Rogers as Sorrell does, several State Supreme Courts disagree, see, e. g., Chapman v. Union Pacific R. Co., 237 Neb. 617, 626-629, 467 N. W. 2d 388, 395-396 (1991); Marazzato v. Burlington Northern. R. Co., 249 Mont. 487, 490-491, 817 P. 2d 672, 674 (1991), and “there is a deep conflict of authority on precisely that issue.” Reply Brief for Petitioner 20, n. 10.
Sorrell’s procedural objection is that we did not grant certiorari to determine the proper standard of causation for railroad negligence under FELA, but rather to decide whether different standards for railroad and employee negligence were permissible under the Act. What is more, Norfolk is not only enlarging the question presented, but taking a position on that enlarged question that is contrary to the position it litigated below. In the Missouri courts, Norfolk argued that Missouri applies different standards, and that the less rigorous standard applied to railroad negligence should also apply to employee contributory negligence. Thus, Norfolk did not object below on causation grounds to the railroad liability instruction, but only to the employee contributory negligence instruction. App. 9-10. Now Norfolk wants to argue the opposite — that the disparity in the standards should be resolved by applying the more rigorous contributory negligence standard to the railroad’s negligence as well.
We agree with Sorrell that we should stick to the question on which certiorari was sought and granted. We are typically reluctant to permit parties to smuggle additional questions into a case before us after the grant of certiorari. See Izumi Seimitsu Kogyo Kabushiki Kaisha v. U. S. Philips Corp., 510 U. S. 27, 31-34 (1993) (per curiam). Although *165 Norfolk is doubtless correct that we could consider the question of what standard applies as anterior to the question whether the standards may differ, the issue of the substantive content of the causation standard is significant enough that we prefer not to address it when it has not been fully presented. We also agree with Sorrell that it would be unfair at this point to allow Norfolk to switch gears and seek a ruling from us that the standard should be proximate cause across the board.
What Norfolk did argue throughout is that the instructions, when given together, impermissibly created different standards of causation. It chose to present in its petition for certiorari the more limited question whether the courts below erred in applying standards that differ. That is the question on which we granted certiorari and the one we decide today.
II
In response to mounting concern about the number and severity of railroad employees’ injuries, Congress in 1908 enacted FELA to provide a compensation scheme for railroad workplace injuries, pre-empting state tort remedies. Second Employers’ Liability Cases, 223 U. S. 1,53-55 (1912). Unlike a typical workers’ compensation scheme, which provides relief without regard to fault, Section 1 of FELA provides a statutory cause of action sounding in negligence:
“[Ejvery common carrier by railroad .. . shall be liable in damages to any person suffering injury while he is employed by such carrier ... for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier ....” 45 U.S.C. §51.
FELA provides for concurrent jurisdiction of the state and federal courts, §56, although substantively FELA actions are governed by federal law. Chesapeake & Ohio R. Co. v. Stapleton, 279 U. S. 587, 590 (1929). Absent express lan *166 guage to the contrary, the elements of a FELA claim are determined by reference to the common law. Urie v. Thompson, 337 U. S. 163,182 (1949). One notable deviation from the common law is the abolition of the railroad's common-law defenses of assumption of the risk, § 54; Tiller v. Atlantic Coast Line R. Co., 318 U. S. 54, 58 (1943), and, at issue in this case, contributory negligence, § 53.
At common law, of course, a plaintiff’s contributory negligence operated as an absolute bar to relief. W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts §65, pp. 461-462 (5th ed. 1984) (hereinafter Prosser & Keeton); 1 D. Dobbs, Law of Torts § 199, p. 494 (2001) (hereinafter Dobbs). Under Section 3 of FELA, however, an employee’s negligence does not bar relief but instead diminishes recovery in proportion to his fault:
“In all actions [under FELA], the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee . . . .” 45 U. S. C. §53.
Both parties agree that at common law the causation standards for negligence and contributory negligence were the same. Brief for Respondent 40-41; Tr. of Oral Arg. 46-48. As explained in the Second Restatement of Torts:
“The rules which determine the causal relation between the plaintiff’s negligent conduct and the harm resulting to him are the same as those determining the causal relation between the defendant’s negligent conduct and resulting harm to others.” §465(2), p. 510 (1964).
See also Prosser & Keeton § 65, at 456; Dobbs § 199, at 497 (“The same rules of proximate cause that apply on the issue of negligence also apply on the issue of contributory negligence” (footnote omitted)). This was the prevailing view when FELA was enacted in 1908. See 1 T. Shearman & A. *167 Redfield, Law of Negligence § 94, pp. 143-144 (5th ed. 1898) (“The plaintiff’s fault. .. must be a proximate cause, in the same sense in which the defendant’s negligence must have been a proximate cause in order to give any right of action”).
Missouri’s practice of applying different causation standards in FELA actions is apparently unique. Norfolk claims that Missouri is the only jurisdiction to allow such a disparity, and Sorrell has not identified another.[2] It is of course *168 possible that everyone is out of step except Missouri, but we find no basis for concluding that Congress in FELA meant to allow disparate causation standards.
We have explained that “although common-law principles are not necessarily dispositive of questions arising under FELA, unless they are expressly rejected in the text of the statute, they are entitled to great weight in our analysis.” Gottskall, 512 U. S., at 544. In Gottskall we “cataloged” the ways in which FELA expressly departed from the common law: It abolished the fellow servant rule, rejected contributory negligence in favor of comparative negligence, prohibited employers from contracting around the Act, and abolished the assumption of risk defense. Norfolk & Western R. Co. v. Ayers, 538 U. S. 135,145 (2003); Gottskall, supra, at 542-543. The fact that the common law applied the same causation standard to defendant and plaintiff negligence, and FELA did not expressly depart from that approach, is strong evidence against Missouri’s disparate standards. See also Monessen Southwestern R. Co. v. Morgan, 486 U. S. 330, 337-338 (1988) (holding that, because FELA abrogated some common-law rules explicitly but did not address “the equally well-established doctrine barring the recovery of prejudgment interest, ... we are unpersuaded that Congress intended to abrogate that doctrine sub silentio”).
Departing from the common-law practice of applying a single standard of causation for negligence and contributory *169 negligence would have been a peculiar approach for Congress to take in FELA. As one court explained, under FELA,
“[a]s to both attack or defense, there are two common elements, (1) negligence, i. e., the standard of care, and (2) causation, i. e., the relation of the negligence to the injury. So far as negligence is concerned, that standard is the same — ordinary prudence — for both Employee and Railroad alike. Unless a contrary result is imperative, it is, at best, unfortunate if two standards of causation are used.” Page, 349 F. 2d, at 823.
As a practical matter, it is difficult to reduce damages “in proportion” to the employee’s negligence if the relevance of each party’s negligence to the injury is measured by a different standard of causation. Norfolk argues, persuasively we think, that it is far simpler for a jury to conduct the apportionment FELA mandates if the jury compares like with like — apples to apples.
Other courts to address this question concur. See Fashauer v. New Jersey Transit Rail Operations, Inc., 57 F. 3d 1269,1282-1283 (CA3 1995); Caplinger v. Northern Pacific Terminal, 244 Ore. 289, 290-292, 418 P. 2d 34, 35-36 (1966); Page, supra, at 822-823; Ganotis, 342 F. 2d, at 768-769.[3] The most thoughtful treatment comes in Page, in which the Fifth Circuit stated: “[W]e think that from the *170 very nature of comparative negligence, the standard of causation should be single. . . . Use of the terms ‘in proportion to’ and ‘negligence attributable to’ the injured worker inescapably calls for a comparison. . . . [I]t is obvious that for a system of comparative fault to work, the basis of comparison has to be the same.” 349 F. 2d, at 824. See also Restatement (Third) of Torts: Apportionment of Liability § 3, Reporters’ Note, p. 37, Comment a (1999) (“[Comparative responsibility is difficult to administer when different rules govern different parts of the same lawsuit”). We appreciate that there may well be reason to “doubt that such casuistries have any practical significance [for] the jury,” Page, supra, at 823, but it seems to us that Missouri’s idiosyncratic approach of applying different standards of causation unduly muddies what may, to a jury, be already murky waters.
Sorrell argues that FELA does contain an explicit statutory alteration from the common-law rule: Section 1 of FELA — addressing railroad negligence — uses the language “in whole or in part,” 45 U. S. C. § 51, while Section 3 — covering employee contributory negligence — does not, § 53. This, Sorrell contends, evinces an intent to depart from the common-law causation standard with respect to railroad negligence under Section 1, but not with respect to any employee contributory negligence under Section 3.
The inclusion of this language in one section and not the other does not alone justify a departure from the common-law practice of applying a single standard of causation. It would have made little sense to include the “in whole or in part” language in Section 3, because if the employee’s contributory negligence contributed “in whole” to his injury, there would be no recovery against the railroad in the first place. The language made sense in Section 1, however, to make clear that there could be recovery against the railroad even if it were only partially negligent.
Even if the language in Section 1 is understood to address the standard of causation, and not simply to reflect the fact *171 that contributory negligence is no longer a complete bar to recovery, there is no reason to read the statute as a whole to encompass different causation standards. Section 3 simply does not address causation. On the question whether a different standard of causation applies as between the two parties, the statutory text is silent.
Finally, in urging that a higher standard of causation for plaintiff contributory negligence is acceptable, Sorrell invokes FELA’s remedial purpose and our history of liberal construction. We are not persuaded. FELA was indeed enacted to benefit railroad employees, as the express abrogation of such common-law defenses as assumption of risk, the contributory negligence bar, and the fellow servant rule make clear. See Ayers, 538 U. S., at 145. It does not follow, however, that this remedial purpose requires us to interpret every uncertainty in the Act in favor of employees. See Rodriguez v. United States, 480 U. S. 522, 526 (1987) (per curiam) (“[I]t frustrates rather than effectuates legislative intent simplistically to assume that whatever furthers the statute’s primary objective must be the law”). FELA’s text does not support the proposition that Congress meant to take the unusual step of applying different causation standards in a comparative negligence regime, and the statute’s remedial purpose cannot compensate for the lack of a statutory basis.
We conclude that FELA does not abrogate the common-law approach, and that the same standard of causation applies to railroad negligence under Section 1 as to plaintiff contributory negligence under Section 3. Sorrell does not dispute that Missouri applies different standards, see Brief for Respondent 40-41; see also Mo. Approved Jury Instr., Civ., No. 24.01, Committee’s Comment (1978 new), and accordingly we vacate the judgment below and remand the case for further proceedings.
The question presented in this case is a narrow one, and we see no need to do more than answer that question in *172 today’s decision. As a review of FELA model instructions indicates, n. 2, supra, there are a variety of ways to instruct a jury to apply the same causation standard to railroad negligence and employee contributory negligence. Missouri has the same flexibility as the other States in deciding how to do so, so long as it now joins them in applying a single standard.
Sorrell maintains that even if the instructions improperly contained different causation standards we should nonetheless affirm because any error was harmless. He argues that the evidence of his negligence presented at trial, if credited by the jury, could only have been a “direct” cause, so that even with revised instructions the result would not change. This argument is better addressed by the Missouri Court of Appeals, and we leave it to that court on remand to determine whether a new trial is required in this case.
The judgment of the Missouri Court of Appeals is vacated, and the case is remanded for further proceedings not inconsistent with this opinion.

It is so ordered.

 Missouri in the past directed a jury to find a railroad liable if the railroad’s negligence “directly resulted in whole or in part in injury to plaintiff.” Mo. Approved Jury Instr., Civ., No. 24.01 (1964). This language persisted until 1978, when the instruction was modified to its present version. Ibid. (2d ed. 1969, Supp. 1980). The commentary explains that the word “direct” was excised because, under FELA, “the traditional doctrine of proximate (direct) cause is not applicable.” Id., No. 24.01, p. 187 (Committee’s Comment (1978 new)). Cf. Leake v. Burlington Northern R. Co., 892 S. W. 2d 359, 364-365 (Mo. App. 1995). The contributory negligence instruction, on the other hand, has remained unchanged. Mo. Approved Jury Instr., Civ., No. 32.07(B) (6th ed. 2002).

 A review of model and pattern jury instructions in FELA actions reveals a variety of approaches. Some jurisdictions recommend using the “in whole or in part” or “in any part” formulation for both railroad negligence and plaintiff contributory negligence, by using the same language in the respective pattern instructions, including a third instruction that the same causation standard is applied to both parties, or including in commentary an admonition to that effect. See, e. g., 5 L. Sand, J. Siffert, W. Loughlin, S. Reiss, & N. Batterman, Modern Federal Jury Instr. — Civil ¶¶ 89.02-89.03, pp. 89-7, 89-44, 89-53 (3d ed. 2006); 4 Fla. Forms of Jury Instr. §§ 161.02, 161.47, 161.60 (2006); Cal. Jury Instr., Civ., Nos. 11.07, 11.14, and Comment (2005); 3 111. Forms of Jury Instr. §§91.02[1], 91.50[1] (2005); 3 N. M. Rules Ann., Uniform Jury Instr., Civ., Nos. 13-905,13-909, 13-915 (2004); Model Utah Jury Instr., Civ., Nos. 14.4, 14.7, 14.8 (1993); Manual of Model Civil Jury Instr. for the District Courts of the Eighth Circuit § 7.03, and n. 7 (2005); Eleventh Circuit Pattern Jury Instr. (Civil Cases) § 7.1 (2005). Other jurisdictions use the statutory formulation (“in whole or in part”) for railroad negligence, and do not contain a pattern instruction for contributory negligence. See, e.g., Mich. Non-Standard Jury Instr., Civ., § 12:53 (Supp. 2006 ). Both Alabama and Virginia use formulations containing language of both proximate cause and in whole or in part. 1 Ala. Pattern Jury Instr., Civ., Nos. 17.01, 17.05 (2d ed. 1993) (railroad negligence “proximately caused, in whole or in part”; plaintiff contributory negligence “proximately contributed to cause”); 1 Va. Jury Instr. §§ 40.01,40.02 (3d ed. 1998) (railroad negligence “in whole or in part was the proximate cause of or proximately contributed to cause”; plaintiff negligence “contributed to cause”). In New York, the pattern instructions provide that railroad causation is measured by whether the injury results “in whole or in part” from the railroad’s negligence, and a plaintiff’s contributory negligence diminishes recovery if it “contributed to caus[e]” the injury. IB N. Y. Pattern Jury Instr., Civ., No. 2:180 (3d ed. 2006). Montana provides only a general FELA causation instruction. Mont. Pattern Instr., Civ., No. 6.05 (1997) (“[A]n act or a failure to act is the *168 cause of an injury if it plays a part, no matter how small, in bringing about the injury”). Kansas has codified instructions similar to Missouri’s, Kan. Pattern Instr. 3d, Civ., No. 132.01 (2005) (railroad liable when injury “results in whole or in part” from railroad’s negligence); id,., No. 132.20 (contributory negligence is negligence on the part of the plaintiff that “contributes as a direct cause” of the injury), but the commentary to these instructions cites cases and instructions applying a single standard, id., No. 132.01, and Comment, and in practice the Kansas courts have used the language of in whole or in part for both parties’ negligence, see Merando v. Atchison, T. & S. F. R. Co., 232 Kan. 404, 406-409, 656 P. 2d 154, 157-158 (1982).

 See also Bunting v. Sun Co., Inc., 434 Pa. Super. 404, 409-411, 643 A. 2d 1085,1088 (1994); Hickox v. Seaboard System R. Co., 183 Ga. App. 330, 331-332, 358 S. E. 2d 889, 891-892 (1987). An exception is a Texas ease that no court has since cited for the proposition, Missouri-Kansas-Texas R. Co. v. Shelton, 383 S. W. 2d 842, 844-846 (Civ. App. 1964), and that the Texas model jury instructions, which instruct the jury to determine plaintiff or railroad negligence using a single “in whole or in part” causation standard, at least implicitly disavow. See 10 West’s Texas Forms: Civil Trial and Appellate Practice §23.34, p. 27 (3d ed. 2000) (“Did the negligence, if any, of the [plaintiff or railroad] cause, in whole or in part, the occurrence in question?”).