Timothy SORRELL, Respondent,

v.

NORFOLK SOUTHERN RAILWAY COMPANY, Appellant.

No. SC 88597.

Supreme Court of Missouri,
En Banc.

March 18, 2008.

As Modified April 15, 2008.

David A. Dick, James W. Erwin, Thompson Coburn, LLP, St. Louis, MO, for Appellant.

Roger C. Denton, Kathy A. Reichbach, St. Louis, MO, for Respondent.

## Overview

PER CURIAM.[1]

Timothy Sorrell, a railroad trackman, was injured when the dump truck he was driving for his employer, Norfolk Southern Railway Company, went off the road and tipped on its side. Sorrell brought suit against Norfolk under the Federal Employer's Liability Act (FELA), 45 U.S.C. section 51, *et seq.* The jury returned a verdict for Sorrell in the amount of $1.5 million, and the trial court entered judgment upon the jury's verdict.[2]

The Supreme Court of the United States agreed with Norfolk that the jury instructions improperly reflected a more lenient causation standard for railroad negligence than for employee contributory negligence. That Court concluded that the causation standard under FELA should be the same for both categories of negligence. *Norfolk Southern Railway Co. v. Sorrell,* 549 U.S. 158, 127 S.Ct. 799, 808–09, 166 L.Ed.2d 638

---

1. This Court transferred this case after an opinion by the Court of Appeals, Eastern District, authored by the Honorable Robert G. Dowd, Jr. Portions of that opinion are used without further attribution. This Court has jurisdiction. *Mo. Const. article V, section 10.*

2. Whether Sorrell was contributorily negligent was an issue at trial. The jury returned a general verdict without assessing a percentage of fault to Sorrell or Norfolk. FELA requires that the jury, rather than the judge, diminish the total damages by the comparative fault of the plaintiff. 45 U.S.C. section 53. For this reason, the jury in FELA cases is instructed that after it determines the sum of damages to which it believes the plaintiff is entitled as a result of the defendant's conduct that "[i]f you find plaintiff contributorily negligent as submitted in Instruction Number, then your award must be determined by diminishing plaintiff's total damages in proportion to the amount of negligence attributable to plaintiff." *MAI 8.02.* The jury in this case was given instructions modeled after MAI 8.02 and MAI 36.01, which is the verdict form for a plaintiff alleging personal injuries against a defendant. MAI 36.01 does not provide for the assessment of percentages of fault to be listed on the verdict form, and the jury did not specifically assess the percentages of fault it found on the verdict form.

(2007). Although the jury was improperly instructed, the Supreme Court noted that on remand this Court could determine whether Norfolk was prejudiced. *Norfolk Railway* at 809. It was not. The judgment is affirmed.

### Facts

Sorrell was driving a dump truck on a gravel road alongside the tracks when another Norfolk truck, driven by a fellow employee, approached. The two drivers provided different accounts of what happened next, but somehow Sorrell's truck went off the road and tipped on its side. According to Sorrell's testimony, he feared that the two trucks could not pass each other, so he pulled his truck as close to the right side of the road as possible. After the other truck passed, Sorrell tried to drive his truck back onto the road, but the front tire on the passenger side "washed out" and his truck flipped onto its side.

The other driver testified that he pulled his truck off the road and stopped when he was 400 to 500 feet from Sorrell. While waiting for Sorrell to pass, he saw Sorrell's truck veer to its right, causing the truck's front passenger-side tire to drop off the road, after which the truck flipped onto its side.

The trial court gave an instruction based on MAI 32.07(B), which instructs the jury to find a plaintiff contributorily negligent if his or her negligence "directly contributed to cause" the injury. As to the railroad's negligence, the trial court instructed as provided in MAI 24.01 that such negligence is measured by whether the railroad's negligence "contributed in whole or in part" to the injury.

### Standard of review

■ To reverse on grounds of instructional error, the party claiming instructional error must establish that the instruction at issue misdirected, mislead, or confused the jury. Additionally, prejudice must have resulted from the instructional error. *Dhyne v. State Farm Fire and Cas. Co.*, 188 S.W.3d 454, 459 (Mo. banc 2006); *see also Young v. New York, C. & St. L. Ry. Co.*, 291 S.W.2d 64, 67 (Mo.1956) (FELA case alleging instructional error).

### What are the correct instructions on causation?

Although the Supreme Court of the United States determined that the causation standard under FELA should be the same for both railroad negligence and for employee contributory negligence, that Court declined to set out the proper standard of causation. That Court, however, did set out the methods adopted in other jurisdictions to apply a single standard. *Norfolk Railway* at 809, n. 2. Effective January 1, 2008, this Court has approved new instructions for MAI 24.01(A), MAI 24.01(B), and MAI 32.07(B) to meet the Supreme Court directive.

### Norfolk Railway was not prejudiced by the instructions given

■ Sorrell correctly argues that even if the causation standards contained in the instructions were improper, the judgment should be affirmed because any error was harmless. Given the evidence before it, if the jury found Sorrell negligent, any negligence had to result from the way he drove the truck; his negligence, if any, was a "direct" cause of his injuries. There was no evidence that would support a finding that Sorrell was negligent in a manner that indirectly caused his injury. The wording of the instruction on contributory negligence that the plaintiff's negligence "directly contributed to cause his injury" could not have affected the outcome of the trial.

## Conclusion

Any error in the instructions was harmless error. The judgment is affirmed.

All concur.