Chief Justice Roberts,
with whom Justice Scalia, Justice Kennedy, and Justice Alito join,
dissenting.
“It is a well established principle of [the common] law, that in all cases of loss we are to attribute it to the proximate cause, and not to any remote cause: causa proxima non remota spectatur.” Waters v. Merchants’ Louisville Ins. Co., 11 Pet. 213, 223 (1837) (Story, J.). The Court today holds that this principle does not apply to actions under the Fed *706 eral Employers’ liability Act (FELA), and that those suing under that statute may recover for injuries that were not proximately caused by the negligence of their employers. This even though we have held that FELA generally follows the common law, unless the Act expressly provides otherwise; even though FELA expressly abrogated common law rules in four other respects, but said nothing about proximate cause; and even though our own cases, for 50 years after the passage of FELA, repeatedly recognized that proximate cause was required for recovery under that statute.
The Court is wrong to dispense with that familiar element of an action seeking recovery for negligence, an element “generally thought to be a necessary limitation on liability,” Exxon Co., U. S. A. v. Sofec, Inc., 517 U. S. 830, 838 (1996). The test the Court would substitute — whether negligence played any part, even the slightest, in producing the injury— is no limit at all. It is simply “but for” causation. Nothing in FELA itself, or our decision in Rogers v. Missouri Pacific R. Co., 352 U. S. 500 (1957), supports such a boundless theory of liability.
I respectfully dissent.
I
“Unlike a typical workers’ compensation scheme, which provides relief without regard to fault,... FELA provides a statutory cause of action sounding in negligence.” Norfolk Southern R. Co. v. Sorrell, 549 U. S. 158, 165 (2007). When Congress creates such a federal tort, “we start from the premise” that Congress “adopts the background of general tort law.” Staub v. Proctor Hospital, 562 U. S. 411, 417 (2011). With respect to FELA in particular, we have explained that “[ajbsent express language to the contrary, the elements of a FELA claim are determined by reference to the common law.” Sorrell, supra, at 165-166; see Erie v. Thompson, 337 U. S. 163, 182 (1949).
Recovery for negligence has always required a showing of proximate cause. “Tn a philosophical sense, the con *707 sequences of an act go forward to eternity.’” Holmes v. Securities Investor Protection Corporation, 503 U. S. 258, 266, n. 10 (1992) (quoting W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts § 41, p. 264 (5th ed. 1984)). Law, however, is not philosophy, and the concept of proximate cause developed at common law in response to the perceived need to distinguish “but for” cause from those more direct causes of injury that can form the basis for liability at law.
The plurality breaks no new ground in criticizing the variety of formulations of the concept of proximate cause, ante, at 701-702; courts, commentators, and first-year law students have been doing that for generations. See Exxon, supra, at 838. But it is often easier to disparage the product of centuries of common law than to devise a plausible substitute— which may explain why Congress did not attempt to do so in FELA. Proximate cause is hardly the only enduring common law concept that is useful despite its imprecision, see ante, at 701. It is in good company with proof beyond a reasonable doubt, necessity, willfulness, and unconscionability — to name just a few.
Proximate cause refers to the basic requirement that before recovery is allowed in tort, there must be “some direct relation between the injury asserted and the injurious conduct alleged,” Holmes, 503 U. S., at 268. It excludes from the scope of liability injuries that are “too remote,” “purely contingent,” or “indirect[].” Id., at 268, 271, 274. Recognizing that liability must not attach to “every conceivable harm that can be traced to alleged wrongdoing,” proximate cause requires a “causal connection between the wrong and the injury,” Associated Gen. Contractors of Cal., Inc. v. Carpenters, 459 U. S. 519, 536, 533, n. 26 (1983), that is not so “tenuous . . . that what is claimed to be consequence is only fortuity,” Exxon, supra, at 838 (internal quotation marks omitted). It limits liability at some point before the want of a nail leads to loss of the kingdom. When FELA *708 was passed, as now, “[t]he question whether damage in a given case is proximate or remote [was] one of great importance. . . . [T]he determination of it determines legal right,” 1 T. Street, Foundations of Legal Liability 110 (1906) (reprint 1980).
FELA expressly abrogated common law tort principles in four specific ways. See Sorrell, supra, at 166, 168; Consolidated Rail Corporation v. Gottshall, 512 U. S. 532, 542-543 (1994). As enacted in 1908, the Act abolished the common law contributory negligence rule, which barred plaintiffs whose negligence had contributed to their injuries from recovering for the negligence of another. See Act of Apr. 22, § 3,35 Stat. 66. FELA also abandoned the so-called fellow-servant rule, § 1, prohibited an assumption of risk defense in certain cases, §4, and barred employees from contractually releasing their employers from liability, § 5.
But “[o]nly to the extent of these explicit statutory alterations is FELA an avowed departure from the rules of the common law.” Gottskall, supra, at 544 (internal quotation marks omitted). FELA did not abolish the familiar requirement of proximate cause. Because “Congress expressly dispensed with [certain] common-law doctrines” in FELA but “did not deal at all with [other] equally well-established doctrine[s],” I do not believe that “Congress intended to abrogate [the other] doctrine[s] sub silentio.” Monessen Southwestern R. Co. v. Morgan, 486 U. S. 330, 337-338 (1988).
We have applied the standard requirement of proximate cause to actions under federal statutes where the text did not expressly provide for it. See Dura Pharmaceuticals, Inc. v. Broudo, 544 U. S. 336, 342-346 (2005) (securities fraud); Holmes, supra, at 268-270 (Racketeer Influenced and Corrupt Organizations Act); Associated Gen. Contractors of Cal., Inc., supra, at 529-535 (Clayton Act); cf. Metropolitan Edison Co. v. People Against Nuclear Energy, 460 U. S. 766, 774 (1983) (“the terms ‘environmental *709 effect’ and ‘environmental impact’ in [the National Environmental Policy Act of 1969 should] be read to include a requirement of a reasonably close causal relationship between a change in the physical environment and the effect at issue . . . like the familiar doctrine of proximate cause from tort law”).
The Court does not explicitly rest its argument on its own reading of FELA’s text. The jury instruction on causation it approves, however, derives from Section 1 of FELA, 45 U. S. C. § 51. See ante, at 688, 703-704. But nothing in Section 1 is similar to the “express language” Congress employed elsewhere in FELA when it wanted to abrogate a common law rule, Sorrell, 549 U. S., at 165-166. See, e. g., §53 (“the fact that the employee may have been guilty of contributory negligence shall not bar a recovery”); § 54 (“employee shall not be held to have assumed the risks of his employment”). As the very first section of the statute, Section 1 simply outlines who could be sued by whom and for what types of injuries. It provides that “[e]very common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier ... for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier.” §51. The Court’s theory seems to be that the words “in whole or in part” signal a departure from the historic requirement of proximate cause. But those words served a very different purpose. They did indeed mark an important departure from a common law principle, but it was the principle of contributory negligence — not proximate cause.
As noted, FELA abolished the defense of contributory negligence; the “in whole or in part” language simply reflected the fact that the railroad would remain liable even if its negligence was not the sole cause of injury. See Sorrell, supra, at 170. The Congress that was so clear when it was abolishing common law limits on recovery elsewhere in *710 FELA did not abrogate the fundamental principle of proximate cause in the oblique manner the Court suggests. “[I]f Congress had intended such a sea change” in negligence principles “it would have said so clearly.” Board of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Systems, Inc., 568 U. S. 776, 792 (2011).
The language the Court adopts as an instruction on causation requires only that negligence have “'played any part, even the slightest, in producing the injury.’ ” Ante, at 703 (quoting Rogers, 352 U. S., at 506; emphasis deleted); see also ante, at 705 (“Juries in such cases are properly instructed that a defendant railroad 'caused or contributed to’ a railroad worker’s injury 'if [the railroad’s] negligence played a part— no matter how small — in bringing about the injury’”). If that is proved, “then the carrier is answerable in damages even if the extent of the [injury] or the manner in which it occurred was not '[p]robable’ or 'foreseeable.’” Ante, at 703-704 (some internal quotation marks omitted). There is nothing in that language that requires anything other than “but for” cause. The terms “even the slightest” and “no matter how small” make clear to juries that even the faintest whisper of “but for” causation will do.
At oral argument, counsel for McBride explained that the correct standard for recovery under FELA is “but-for plus a relaxed form of legal cause.” Tr. of Oral Arg. 44. There is no “plus” in the rule the Court announces today. In this very case defense counsel was free to argue “but for” cause pure and simple to the jury. In closing, counsel informed the jury: “What we also have to show is defendant’s negligence caused or contributed to [McBride’s] injury. It never would have happened but for [CSX] giving him that train.” App. to Pet. for Cert. 67a (emphasis added).
At certain points in its opinion, the Court acknowledges that “[injuries have countless causes,” not all of which “should give rise to legal liability.” Ante, at 692. But the *711 causation test the Court embraces contains no limit on causation at all.
II
This Court, from the time of FELA’s enactment, understood FELA to require plaintiffs to prove that an employer’s negligence “is a proximate cause of the accident,” Davis v. Wolfe, 263 U. S. 239, 243 (1923). See, e. g., ibid. (“The rule clearly deducible from [prior] cases is that ... an employee cannot recover ... if the [employer’s] failure ... is not a proximate cause of the accident . . . but merely creates an incidental condition or situation in which the accident, otherwise caused, results in such injury”); Carter v. Atlanta & St. Andrews Bay R. Co., 338 U. S. 430, 435 (1949) (“if the jury determines that the defendant’s breach is a contributory proximate cause of injury, it may find for the plaintiff” (internal quotation marks omitted)); O'Donnell v. Elgin, J & E. R. Co., 338 U. S. 384, 394 (1949) (“plaintiff was entitled to a[n]... instruction . . . which rendered defendant liable for injuries proximately resulting therefrom”).
A comprehensive treatise written shortly after Congress enacted FELA confirmed that “the plaintiff must . . . show that the alleged negligence was the proximate cause of the damage” in order to recover. 1 M. Roberts, Federal Liabilities of Carriers §538, p. 942 (1918). As Justice Souter has explained, for the half century after the enactment of FELA, the Court “consistently recognized and applied proximate cause as the proper standard in FELA suits.” Sorrell, supra, at 174 (concurring opinion).
No matter. For the Court, time begins in 1957, with our opinion in Rogers v. Missouri Pacific R. Co., supra.
That opinion, however, “left this law where it was.” Sorrell, supra, at 174 (Souter, J., concurring). A jury in that ease awarded Rogers damages against his railroad employer, but the Supreme Court of Missouri reversed the jury verdict. As the Court explains today, we suggested in Rogers that *712 there were “two potential readings” of the lower eourt’s opinion and that both were wrong. Ante, at 694. In doing so, we clarified the consequences of FELA’s elimination of the common law contributory negligence rule. We did not do what Congress chose not to do, and abrogate the rule of proximate cause.
First, we rejected the idea “that [Rogers’s] conduct was the sole cause of his mishap.” 352 U. S., at 504 (emphasis added); contra, Rogers v. Thompson, 284 S. W. 2d 467, 472 (Mo. 1955) (while “[Rogers] was confronted by an emergency, ... it was an emergency brought about by himself”). There were, we explained, “probative facts from which the jury could find that [the railroad] was or should have been aware of conditions which created a likelihood that [Rogers]... would suffer just such an injury as he did.” 352 U. S., at 503. We noted that “[c]ommon experience teaches both that a passing train will fan the flames of a fire, and that a person suddenly enveloped in flames and smoke will instinctively react by retreating from the danger.” Ibid. In referring to this predictable sequence of events, we described — in familiar terms — sufficient evidence of proximate cause. We therefore held that the railroad’s negligence could have been a cause of Rogers’s injury regardless of whether “the immediate reason” why Rogers slipped was the railroad’s negligence in permitting gravel to remain on the surface or some other cause. Ibid, (emphasis added).
Rogers thereby clarified that, under a statute in which employer and employee could both be proximate causes of an injury, a railroad’s negligence need not be the sole or last cause in order to be proximate. That is an application of proximate cause, not a repudiation of it. See Street 111 (“a cause may be sufficiently near in law to the damage to be considered its effective legal cause without by any means being the nearest or most proximate to the causes which contribute of the injury”); 1 D. Dobbs, Law of Torts § 180, p. 445 (2001).
*713 We then considered a second interpretation. The Missouri Supreme Court’s opinion could alternatively be read as having held that Rogers’s “conduct was at least as probable a cause for his mishap as any negligence of the [railroad],” and that — in those circumstances — “there was no case for the jury.” 352 U. S., at 505 (emphasis added). If this was the principle the court applied below, it was also wrong and for many of the same reasons.
Under a comparative negligence scheme in which multiple causes may act concurrently, we clarified that a railroad’s negligence need not be the “sole, efficient, producing cause of injury,” id., at 506. The question was simply whether “employer negligence played any part, even the slightest, in producing the injury.” Ibid. “It does not matter,” we continued, “that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, includirty the onvplugvu’a contributory nvyltywiwu.” Ibid, (emphasis added).
The Court today Lakes the “any pari, even llie slightest” language out of context and views it as a rejection of proximate cause. But Rogers was talking about contributory negligence — it said so — and the language it chose confirms just that. “Slight” negligence was familiar usage in this context. The statute immediately preceding FELA, passed just two years earlier in 1906, moved part way from contributory to comparative negligence. It provided that “the fact that the employee may have been guilty of contributory negligence shall not bar a recovery where his contributory negligence was slight and that of the employer was gross in comparison.” Act of June 11, 1906, §2, 34 Stat. 232. Other statutes similarly made this halfway stop on the road from contributory to pure comparative negligence, again using the term “slight.” See Dobbs §201, at 503 (“One earlier [version of comparative fault] allowed the negligent plaintiff to recover if the plaintiff’s negligence was slight and the defendant’s gross. . . . Modern comparative negligence law *714 works differently, reducing the plaintiff’s recovery in proportion to the plaintiff’s fault”); V. Schwartz, Comparative Negligence §2.01[b][2], p. 33 (5th ed. 2010) (a “major form of modified comparative negligence is the ‘slight-gross’ system”); id., § 3.04[b], at 75. In 1908, FELA completed the transition to pure comparative negligence with respect to railworkers. See Dobbs §201, at 503. Under FELA, it does not matter whose negligence was “slight” or “gross.” The use of the term “even the slightest” in Rogers makes perfect sense when the decision is understood to be about multiple causes — not about how direct any particular cause must be. See Sorrell, 549 U. S., at 175 (Souter, J., concurring) (pertinent language concerned “multiplicity of causations,” not “the necessary directness of. .. causation”).
The Court views Rogers as “describ[ing] the test for proximate causation” under FELA, ante, at 700 (internal quotation marks omitted), but Rogers itself says nothing of the sort. See 352 U. S., at 506 (describing its test as “the test of a jury case” (emphasis added)). Rogers did not set forth a novel standard for proximate cause — much less an instruction designed to guide jurors in determining causation. Indeed, the trial court in Rogers used the term “proximate cause” in its jury instruction and directed the jury to find that Rogers could not recover if his injuries “were not directly ... caused by” the railroad’s negligence. Id., at 505, n. 9 (internal quotation marks omitted). Our opinion quoted that instruction, ibid., but “took no issue with [it] in this respect,” Sorrell, supra, at 1.76 (Souter, J., concurring).
A few of our cases have characterized Rogers as holding that “a relaxed standard of causation applies under FELA.” Gottshall, 512 U. S., at 543; see Crane v. Cedar Rapids & Iowa City R. Co., 395 U. S. 164, 166 (1969). Fair enough; but these passing summations of Rogers do not alter its holding. FELA did, of course, change common law rules relating to causation in one respect: Under FELA, a railroad’s negligence did not have to be the exclusive cause of an injury. *715 See Gottshall, supra, at 542-543 (“Congress did away with several common-law tort defenses .... Specifically, the statute .. . rejected the doctrine of contributory negligence in favor of that of comparative negligence”). And, unlike under FELA’s predecessor, the' proportionate degree of the employee’s negligence would not necessarily bar his recovery. But we have never held — until today — that FELA entirely eliminates proximate cause as a limit on liability.
III
The Court is correct that the federal courts of appeals have read Rogers to support the adoption of instructions like the one given here. But we do not resolve questions such as the one before us by a show of hands. See Buckhannon Board & Care Home, Inc. v. West Virginia Dept of Health and Hitman Resources, 532 U. S. 598, 605 (2001); id., at 621 (Scalia, J., concurring) (“The dissent’s insistence that we defer to the ‘clear majority’ of Circuit opinion is particularly peculiar in the present case, since that majority has been nurtured and preserved by our own misleading dicta”)-, cf. McNally v. United States, 483 U. S. 350, 365 (1987) (Stevens, J., dissenting) (pointing out that “[ejvery court to consider the matter” had disagreed with the majority’s holding). In addition, the Court discounts the views of those state courts of last resort that agree PELA did not relegate proximate cause to the dustbin. Those courts either reject the position the Court adopts today or suggest that FELA does not entirely eliminate proximate cause. See Ballard v. Union Pacific R. Co., 279 Neb. 638, 644, 781 N. W. 2d 47, 53 (2010) (“an employee must prove the employer’s negligence and that the alleged negligence is a proximate cause of the employee’s injury”); CSX Transp., Inc. v. Miller, 46 So. 3d 434, 450 (Ala. 2010) (“the jury in this case was properly instructed by the trial court that [respondent] could not be compensated for any injury not proximately caused by [petitioner’s] negligence”), cf. id., at 461 (quoting Rogers)-, *716 Raab v. Utah R. Co., 2009 UT 61, ¶ 20, 221 P. 3d 219, 225 (“Rogers did not speak to the issue of proximate cause”); Gardner v. CSX Transp., Inc., 201 W. Va. 490, 500, 498 S. E. 2d 473, 483 (1997) (“we hold that to prevail on a claim under [FELA] ... a plaintiff employee must establish that the defendant employer acted negligently and that such negligence contributed proximately, in whole or in part, to plaintiff’s injury”); Snipes v. Chicago, Central, & Pacific R. Co., 484 N. W. 2d 162, 164-165 (Iowa 1992) (stating that “[r]ecovery under the FELA requires an injured employee to prove that the defendant employer was negligent and that the negligence proximately caused, in whole or in part, the accident,” while noting that Rogers’s “threshold for recovery” is “low”); Marazzato v. Burlington No. R. Co., 249 Mont. 487, 491, 817 P. 2d 672, 675 (1991) (“plaintiff has the burden of proving that defendant’s negligence was the proximate cause in whole or in part of the plaintiff’s [death]”); Reed v. Pennsylvania R. Co., 171 Ohio St. 433, 436, 171 N. E. 2d 718, 721-722 (1961) (“such violation could not legally amount to a proximate cause of the injury to plaintiff’s leg”); see also Hager v. Norfolk & W.R. Co., No. 87553, 2006 WL 3634373, *6 (Ohio App., Dec. 14, 2006) (“the standard for proximate cause is broader under FELA than the common law” (internal quotation marks omitted)).
If nothing more, the views of these courts show that the question whether — and to what extent — FELA dispenses with proximate cause is not as “settled” as the Court would have it, ante, at 699 (internal quotation marks omitted). Under these circumstances, it seems important to correct an interpretation of our own case law that has run, so to speak, off its own rails.*
*717 Even the Court seems to appreciate that it is creating a troubling gap in the FELA negligence action and ought to do something to patch it over. The something it proposes is “[rjeasonable foreseeability of harm,” ante, at 703 (internal quotation marks omitted).- Foreseeability as a test for proximate causation would be one thing; foreseeability has, after all, long been an aspect of proximate cause. But that is not the test the Court prescribes. It instead limits the foreseeability inquiry to whether the defendant was negligent in the first place.
The Court observes that juries may be instructed that a defendant’s negligence depends on “what a reasonably prudent person would anticipate or foresee as creating a potential for harm.” 5 L. Sand et al., Modern Federal Jury Instructions-Civil ¶ 89.10, p. 89-21 (2010); see ante, at 703. That’s all fine and good when a defendant’s negligence results directly in the plaintiff’s injury (nevermind that no “reasonable foreseeability” instruction was given in this case). For instance, if I drop a piano from a window and it falls on a person, there is no question that I was negligent and could have foreseen that the piano would hit someone— as, in fact, it did. The problem for the Court’s test arises when the negligence does not directly produce the injury to the plaintiff: I drop a piano; it cracks the sidewalk; during sidewalk repairs weeks later a man barreling down the sidewalk on a bicycle hits a cone that repairmen have placed around their worksite, and is injured. Was I negligent in dropping the piano because I could have foreseen “a mishap and injury,” ibid, (emphasis added; internal quotation marks omitted)? Yes. Did my negligence cause “[the] mishap and injury” that resulted? It depends on what is meant by cause. My negligence was a “but for” cause of the injury: *718 If I had not dropped the piano, the bicyclist would not have crashed. But is it a legal cause? No.
In one respect the Court’s test is needlessly rigid. If courts must instruct juries on foreseeability as an aspect of negligence, why not instruct them on foreseeability as an aspect of causation? And if the jury is simply supposed to intuit that there should also be limits on the legal chain of causation — and that “but for” cause is not enough — why hide the ball? Why not simply tell the jury? Finally, if the Court intends “foreseeability of harm” to be a kind of poor man’s proximate cause, then where does the Court find that requirement in the test Rogers — or FELA — prescribes? Could it be derived from the common law?
Where does “foreseeability of harm” as the sole protection against limitless liability run out of steam? An answer would seem only fair to the common law.
A railroad negligently fails to maintain its boiler, which overheats. An employee becomes hot while repairing it and removes his jacket. When finished with the repairs, he grabs a thermos of coffee, which spills on his now-bare arm, burning it. Was the risk that someone would be harmed by the failure to maintain the boiler foreseeable? Was the risk that an employee would be burned while repairing the overheated boiler foreseeable? Can the railroad be liable under the Court’s test for the coffee burn? According to the Court’s opinion, it does not matter that the “manner in which [the injury] occurred was not . . . foreseeable,” ante, at 704 (internal quotation marks omitted), so long as some negligence — any negligence at all — can be established.
The Court’s opinion fails to settle on a single test for answering these questions: Is it that the railroad’s negligence “pla[y] a part — no matter how small — in bringing about the [plaintiff’s] injury,” as the Court indicates, ante, at 692, 703, n. 13, and 705, or that “negligence play any part, even the slightest, in producing the injury,” as suggested at ante, at 694, n. 2, 697, n. 4, and 704? The Court says there is no *719 difference, see ante, at 696, n. 3, but I suspect lawyers litigating FELA cases will prefer one instruction over the other, depending on whether they represent the employer or the employee. In any event, if the Court’s test — whichever version — provides answers to these hypotheticals, the Court keeps them to itself.
Proximate cause supplies the vocabulary for answering such questions. It is useful to ask whether the injury that resulted was within the scope of the risk created by the defendant’s negligent act; whether the injury was a natural or probable consequence of the negligence; whether there was a superseding or intervening cause; whether the negligence was anything more than an antecedent event without which the harm would not have occurred.
The cases do not provide a mechanical or uniform test and have been criticized for that. But they do “furnish illustrations of situations which judicious men upon careful consideration have adjudged to be on one side of the line or the other.” Exxon, 517 U. S., at 839 (internal quotation marks omitted).
The Court forswears all these inquiries and — with them— an accumulated common law history that might provide guidance for courts and juries faced with causation questions. See ante, at 688 (FELA “does not incorporate 'proximate cause’ standards developed in nonstatutory common-law tort actions”); ante, at 705 (“it is not error in a FELA case to refuse a charge embracing stock proximate-cause terminology”). It is not necessary to accept every verbal formulation of proximate cause ever articulated to recognize that these standards provide useful guidance — and that juries should receive some instruction — on the type of link required between a railroad’s negligence and an employee’s injury.
* ijc *
Law has its limits. But no longer when it comes to the causal connection between negligence and a resulting injury *720 covered by FELA. A new maxim has replaced the old: Cae-lum terminus est — the sky’s the limit.
I respectfully dissent.

 The Court’s contention that our position would unsettle the law contrary to principles of Gtanro dooisis exaggerates the state of the law. As the court below noted, “[s]ince Rogers, the Supreme Court has not explained in detail how broadly or narrowly Rogers should bo read by the lower federal courts.” 598 F. 3d 388, 397 (CA7 2010). See also Norfolk *717 Southern R. Co. v. Sorrell, 549 U. S. 158, 173 (2007) (Souter, J., concurring) (“Rogers did not address, much less alter, existing law governing the degree of causation necessary for redressing negligence as the cause of negligently inflicted harm”).