# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Eddie Jordan,**
**Plaintiff Below, Petitioner**

**vs) No. 15-0224** (Logan County 11-C-189-P)

**CSX Transportation, Inc.,**
**Defendant Below, Respondent**

**FILED**

**February 26, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Eddie Jordan, by counsel Mark Hobbs, appeals the Circuit Court of Logan County's "Order Denying Plaintiff's Motion for a New Trial," entered on February 3, 2015. Respondent CSX Transportation, Inc. ("CSX"), by counsel James W. Turner and Robert Edward Ryan, filed a response. Petitioner's appeal centers on the circuit court's granting of CSX's motion for judgment as a matter of law on one of petitioner's negligence theories at the close of evidence in the jury trial of petitioner's negligence suit.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Factual and Procedural Background

In August of 2011, petitioner, an employee of CSX, sued CSX under the Federal Employers Liability Act[1] seeking compensation for a back injury allegedly suffered while working on a bridge project. Petitioner allegedly suffered a herniated disc on October 22, 2008, while he was part of a six-man crew responsible for converting an open wood deck rail bridge to a closed ballast deck bridge in Keyser, West Virginia. The project, which lasted approximately three months, required the crew to remove the bridge ties and add a solid floor of deck boards in order to support the rock ballast.

---

[1] The Federal Employers Liability Act ("FELA"), 45 U.S.C. §§ 51 through -60, establishes a compensation scheme for injuries sustained by railroad employees in the workplace, and provides concurrent jurisdiction in state and federal courts. Substantively, FELA actions are governed by federal law; state-law remedies are preempted. *See Norfolk S. Ry. v. Sorrell,* 549 U.S. 158 (2007). Unlike workers' compensation laws where fault is not at issue, FELA is a negligence statute that requires the plaintiff to prove a breach of a duty of care, injury, and causation. *See Consol. Rail Corp. v. Gottshall,* 512 U.S. 532 (1994).

1

Petitioner was one of two bridge mechanics on the crew, and one of his primary duties was to operate a drill to secure temporary blocks under the track so that the track remained level during the conversion. CSX kept the span of the bridge upon which petitioner's crew was working open and in use during the project.[2] Petitioner alleged that as a result of the bridge remaining open, every time that a train came through, the crew had to stop working to "block up" the tracks so that the tracks could bear the weight of the train. Petitioner alleged that the crew was required to block up the tracks as many as four to five times a day and again at the end of each day. Each set of two blocks required eight holes for each bridge tie that the blocks were temporarily replacing. Petitioner alleged that the posture he was required to assume to operate the drill caused compressive and shearing forces on his spine, and the repetition of the drilling task caused his injury, when he stood up after drilling, and felt a pop in his back, followed by severe pain.[3] Petitioner underwent three surgeries to repair the herniated disc.

Petitioner claimed that his injury was caused by CSX's negligence. He alleged that CSX was negligent in the following three ways: (1) CSX provided petitioner with defective equipment; (2) CSX used improper methods to carry out the conversion; and (3) CSX left the bridge in service during the conversion process. The case proceeded to a jury trial in September of 2014. At the close of the evidence, CSX moved for judgment as a matter of law on petitioner's claim that CSX should have closed the bridge during the project. CSX argued that petitioner's claim was that, but for CSX's decision to keep the bridge open, which caused the project to extend to October 22, 2008 (the date of the injury), the injury would not have happened. CSX also argued that petitioner failed to establish that keeping the bridge open was negligent, a violation of an industry standard, or unsafe.

Petitioner argued that because this is a FELA case, where the standard of proof is "most lenient," the employer is liable for damages if its "negligence played any part, even the slightest, in producing the injury or death for which damages are sought." *Rogers v. Missouri Pacific R.R. Co.,* 352 U.S. 500, 506 (1957). Petitioner contended that judgment as a matter of law in a FELA suit is appropriate only when there is a complete absence of probative facts supporting the plaintiff's position. *See Rivera v. Union R.R. Co.,* 378 F.3d 502, 506 (5th Cir. 2004).

Respondent contended that, pursuant to Rule 50(a)(1) of the West Virginia Rules of Civil Procedure, in part, a defendant is entitled to judgment as a matter of law when the plaintiff "has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable

---

[2] The bridge at issue was a twin-span bridge, meaning two trains could travel across the bridge in opposite directions. However, CSX contended that trains moving in both directions would have to share a single track if the span being worked on was taken out of service. CSX contended that, in order to avoid disruptions in the rail network and to enhance the safety of its employees, it typically does not close bridge spans during conversion projects. In fact, there was testimony at trial that closing the span would have been more dangerous than keeping it open.

[3] Petitioner acknowledged in his trial testimony that this was not his first back injury. He testified that while working in 1984, and while running a snow blower in 2007, he felt "something pop" in his back.

jury to find for that [plaintiff] on that issue," and this rule is no different in FELA cases. After hearing all of the evidence, and viewing that evidence in the light most favorable to petitioner, the circuit court determined that judgment as a matter of law on petitioner's bridge closure theory was warranted for two independent reasons – lack of causation and lack of negligence. The court ruled that (1) petitioner's theory was nothing more than "but for" causation, and (2) petitioner failed to establish how CSX's planning of the job was negligent. The jury found for CSX on petitioner's remaining two negligence claims.[4]

Petitioner moved for a new trial based upon the circuit court's ruling on the bridge closure claim, which the court denied by order entered on February 3, 2015. Regarding causation, the circuit court stated as follows:

> [Petitioner] elicited the testimony of three (3) treating medical professionals with regard to causation, but did not elicit any testimony that the volume or duration of drilling caused or contributed to the [petitioner's] injuries. [Petitioner] only elicited opinions from those medical experts with regard to the scenario of returning to an upright position from a bent position - a single, traumatic event - causing [petitioner's] injuries. As FELA plaintiffs must demonstrate some causal connection between negligence and his or her injuries and [petitioner] failed to present any competent evidence that the volume or duration of drilling caused or contributed to his injury, the issue of the bridge not being removed from service was rendered irrelevant.

Regarding negligence, the court stated that,

> [i]n the instant matter, over the objections of [CSX], the Court permitted [petitioner] wide latitude in presenting its testimony concerning the train and track operation with regard to the subject bridge project. [Petitioner] failed to present the testimony of any person with any education or experience in engineering, in planning rail bridge projects, in the system wide operation of a multi-state railroad, or in the design of rail bridges and/or track. As such, [petitioner] failed to present sufficient competent testimony that failure to remove the bridge out of service was a negligent action upon which liability should be based.

Petitioner now appeals the denial of his motion for new trial to this Court.

### Discussion

On appeal, petitioner argues that the circuit court erred by granting CSX's motion for a judgment as a matter of law on whether the failure of CSX to take the bridge span out of service, thereby reducing the amount of drilling required of its crew, (1) caused or contributed, in whole or in part, to the injury suffered by petitioner while drilling on CSX's bridge on October 22,

---

[4] Petitioner does not challenge the jury's verdict on these two claims; his present appeal centers on the circuit court granting judgment as matter of law on his bridge closure claim.

2008; and (2) constituted negligence. Petitioner seeks reversal of the circuit court's ruling and a new trial.

A defendant is entitled to judgment as a matter of law "[i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient basis for a reasonable jury to find for that party on that issue." W.Va. R. Civ. P. 50(a)(1), in part. With respect to petitioner's alleged errors, we apply the following standard of review:

> The appellate standard of review for the granting of a motion for a directed verdict pursuant to Rule 50 of the West Virginia Rules of Civil Procedure is de novo. On appeal, this court, after considering the evidence in the light most favorable to the nonmovant party, will sustain the granting of a directed verdict when only one reasonable conclusion as to the verdict can be reached. But if reasonable minds could differ as to the importance and sufficiency of the evidence, a circuit court's ruling granting a directed verdict will be reversed.

Syl. Pt. 3, *Brannon v. Riffle*, 197 W.Va. 97, 475 S.E.2d 97 (1996). "When the plaintiff's evidence, considered in the light most favorable to him, fails to establish a prima facie right to recovery, the trial court should direct a verdict in favor of the defendant." Syl. Pt. 1, *id.* (citing Syl. Pt. 3, *Roberts ex rel. Roberts v. Gale,* 149 W.Va. 166, 139 S.E.2d 272 (1964)).[5]

Regarding the circuit court's ruling that petitioner failed as matter of law to establish causation, petitioner argues that had CSX closed the bridge, there would not have been so much drilling required, and petitioner's injury, which petitioner states was caused by repetitive, drilling, would not have occurred. Petitioner argues that there was ample evidence submitted at trial to show that closing the bridge would have reduced the amount of drilling. Contrary to petitioner's argument before this Court, the medical evidence established that petitioner's back injury was caused by a sudden event on October 22, 2008. In response to CSX's motion for judgment as a matter of law, petitioner asserted a different theory, that repetitive stress on his back caused his injury. However, as the circuit court properly found, the trial evidence did not support this theory as there was no evidence that the volume or duration of drilling caused or contributed to his injury. Petitioner's own medical experts testified that petitioner's injury was caused by bending over and straightening back up on October 22, 2008. Thus, we do not disturb the circuit court's ruling with respect to the lack of causation evidence as a matter of law.

With respect to the circuit court's ruling that petitioner failed as matter of law to establish negligence, petitioner contends that there was sufficient evidence introduced showing that taking the bridge out of service would have reduced the hazards about which petitioner complained. More specifically, petitioner states that there was evidence that drilling puts stress on the back, therefore, had CSX closed the bridge, drilling would have been reduced. Petitioner concludes that CSX's failure to close the bridge made petitioner's injury foreseeable.

---

[5] We note that subsequent to 1998, the term "directed verdict" has been replaced by "judgment as a matter of law."

4

To have his bridge closure claim reach the jury, petitioner was required to present legally sufficient evidence that CSX's decision to keep the bridge open was negligent. *See Gardner v. CSX Transp., Inc.,* 201 W.Va. 490, 498 S.E.2d 473 (1997) (holding that the basis of liability in a FELA case is negligence, not the mere fact that the plaintiff's injuries occurred while working). As CSX correctly argues, petitioner failed to meet his burden in three ways. First, the uncontradicted evidence was that taking the bridge span out of service was not feasible. Second, even if the jury could find that taking the bridge out of service was feasible, petitioner failed to introduce expert testimony to as whether CSX's actions were unreasonable under the circumstances. Finally, even if expert testimony was deemed unnecessary to establish the unreasonableness of CSX's actions, petitioner still failed to present any evidence of negligence other than his own conclusory assertions, which are not sufficient to survive a motion for judgment as a matter of law. *See Gardner; Crookham v. NY Cent. R.R.,* 144 W.Va. 196, 107 S.E.2d 516 (1959). Accordingly, we find no error in the circuit court's ruling that petitioner did not present sufficient evidence as a matter of law that CSX's decision to keep the bridge open was negligent.

For the foregoing reasons, we affirm the circuit court's ruling on CSX's motion for judgment as a matter of law on petitioner's bridge closure claim and its order denying petitioner's motion for a new trial.

Affirmed.

**ISSUED:** February 26, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

5