# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
April 17, 2013 Session

## ANDREW SPENCER v. NORFOLK SOUTHERN RAILWAY COMPANY

### Appeal from the Circuit Court for Hamilton County
### No. 10C1029      W. Jeffrey Hollingsworth, Judge

### No. E2012-01204-COA-R3-CV-FILED-JULY 29, 2013

Andrew Spencer ("Plaintiff") sued Norfolk Southern Railway Company ("Railroad") for negligence under the Federal Employers' Liability Act.  After a jury trial, the Trial Court entered judgment on the jury's verdict finding and holding, *inter alia*, that the Railroad was not at fault for Plaintiff's injury.  Plaintiff appeals raising an issue regarding jury instructions concerning foreseeability and notice.  We find that the jury instruction regarding foreseeability and notice was misleading, and we vacate and remand for a new trial.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated; Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and JOHN W. MCCLARTY, J., joined.

John A. Moss and John D. Steel, Admitted Pro Hac Vice, Atlanta, Georgia, and Michael E. Richardson, Chattanooga, Tennessee, for the appellant, Andrew Spencer.

Craig R. Allen and Benjamin T. Reese, Chattanooga, Tennessee, for the appellee, Norfolk Southern Railway Company.

# OPINION

## Background

Plaintiff was an employee of the Railroad. On May 16, 2010 Plaintiff suffered an injury while working as a conductor and throwing a switch in the Railroad's Chocowinity yard in Beaufort County, North Carolina. Plaintiff filed suit against the Railroad pursuant to the Federal Employers' Liability Act alleging that the Railroad had negligently failed to address problems with the switch and negligently failed to properly maintain the switch. The case was tried before a jury in April of 2012.

After trial, the Trial Court entered judgment on the jury's verdict on April 17, 2012 finding and holding that the Railroad was not at fault for the injury suffered by Plaintiff on May 16, 2010. Plaintiff filed a Motion for New Trial, which was denied by the Trial Court. Plaintiff appeals to this Court raising an issue regarding the jury instructions on foreseeability and notice.

## Discussion

Although not stated exactly as such, Plaintiff raises one issue on appeal: whether the Trial Court erred in its instructions to the jury regarding foreseeability and notice.

By way of background, this Court discussed, in detail, in *Jordan v. Burlington N. Santa Fe R.R. Co.* the Federal Employers' Liability Act:

> "The impetus for the [Federal Employers' Liability Act ("FELA"), 45 U.S.C.A. §§ 51-60] was that throughout the 1870's, 80's, and 90's, thousands of railroad workers were being killed and tens of thousands were being maimed annually in what came to be increasingly seen as a national tragedy, if not a national scandal." *CSX Transp., Inc. v. Miller*, 159 Md. App. 123, 858 A.2d 1025, 1029 (Md. Ct. Spec. App. 2004). "In response to mounting concern about the number and severity of railroad employees' injuries, Congress in 1908 enacted FELA to provide a compensation scheme for railroad workplace injuries, pre-empting state tort remedies." *Norfolk S. Ry. Co. v. Sorrell*, 549 U.S. 158, 165, 127 S. Ct. 799, 166 L. Ed. 2d 638 (2007) (citing *Second Employers' Liability Cases*, 223 U.S. 1, 53-55, 32 S. Ct. 169, 56 L. Ed. 327 (1912)). FELA was passed to extend statutory protection to

railroad workers because of the high rate of injury to workers in that industry.[1] *Blackburn v. CSX Transp., Inc.*, No. M2006-01352-COA-R10-CV, 2008 Tenn. App. LEXIS 336, 2008 WL 2278497, at *8 (Tenn. Ct. App. May 30, 2008); *Reed v. CSX Transp., Inc.*, No. M2004-02172-COA-R3-CV, 2006 Tenn. App. LEXIS 620, 2006 WL 2771029, at *2 (Tenn. Ct. App. Sept. 26, 2006). "In adopting FELA, Congress created a remedy that 'shifted part of the human overhead of doing business from employees to their employers.'" *Pomeroy v. Ill. Cent. R.R. Co.*, No. W2004-01238-COA-R3-CV, 2005 Tenn. App. LEXIS 294, 2005 WL 1217590, at *9 (Tenn. Ct. App. May 19, 2005) (quoting *Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 542, 114 S. Ct. 2396, 129 L. Ed. 2d 427 (1994)). Congress recognized that the railroad industry was better able to shoulder the cost of industrial injuries and deaths than were injured workers or their families. *Miller*, 159 Md. App. at 131 (citing *Kernan v. Am. Dredging Co.*, 355 U.S. 426, 431-32, 78 S. Ct. 394, 2 L. Ed. 2d 382 (1958)). "[FELA] was designed to put on the railroad industry some of the cost for the legs, eyes, arms, and lives which it consumed in its operations." *Pomeroy*, 2005 Tenn. App. LEXIS 294, 2005 WL 1217590, at *17 (quoting *Wilkerson v. McCarthy*, 336 U.S. 53, 68, 69 S. Ct. 413, 93 L. Ed. 497 (1949)(Douglas, J., concurring)). The Federal Employers' Liability Act provides, in relevant part:

> Every common carrier by railroad while engaging in commerce … shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce … for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

45 U.S.C.A. § 51. The statute is broad and remedial, and it is to be liberally construed in order to accomplish the aforementioned purposes. *Blackburn*, 2008 Tenn. App. LEXIS 336, 2008 WL 2278497, at *8; Reed, 2006 Tenn. App. LEXIS 620, 2006 WL 2771029, at *2.

---

[1] "The very title of the law, Federal Employers' Liability Act, is confusingly overbroad." *Miller*, 858 A.2d at 1029. It is not a "federal employer" law, but a federal law pertaining to railroads as employers. *Id.* "The only possible defendants are railroads engaged in interstate commerce. The only possible plaintiffs are the employees of those railroads who are injured on the job." *Id.*

"Unlike a typical workers' compensation scheme, which provides relief without regard to fault, Section 1 of FELA provides a statutory cause of action sounding in negligence ...." *Sorrell*, 549 U.S. at 165. Under FELA, the railroad-employer's liability is premised upon its negligence. *Reed*, 2006 Tenn. App. LEXIS 620, 2006 WL 2771029, at *2. In order to recover, an employee must show:

> (1) that an injury occurred while the employee was working within the scope of his employment;
>
> (2) that the employment was in the furtherance of the railroad's interstate transportation business;
>
> (3) that the employer railroad was negligent; and
>
> (4) that the employer's negligence played some part in causing the injury.

*Id.* (citing *Jennings v. Ill. Cent. R.R. Co.*, 993 S.W.2d 66, 69-70 (Tenn. Ct. App. 1998))…. FELA does not define negligence. *Id.* When considering whether an employer was negligent under FELA, "courts are to analyze the elements necessary to establish a common law negligence claim." *Id.* (*citing Adams v. CSX Transp., Inc.*, 899 F.2d 536, 539 (6th Cir. 1990); *Davis v. Burlington Northern, Inc.*, 541 F.2d 182 (8th Cir. 1976), cert. denied, 429 U.S. 1002, 97 S. Ct. 533, 50 L. Ed. 2d 613 (1976)). The issue of negligence is to be determined "by the common law principles as established and applied in federal courts."[2] *Reed*, 2006 Tenn. App. LEXIS 620, 2006 WL 2771029, at *2 (citations omitted). Thus, the plaintiff must prove the traditional elements of negligence: duty, breach, foreseeability, and causation. *Id.* (citing *Robert v. Consol. Rail Corp.*, 832 F.2d 3, 6 (1st Cir. 1987)). However, FELA deviated from the common law by abolishing the railroad's common law defenses of assumption of the risk, § 54, and it rejected contributory negligence in favor of comparative negligence, § 53. *Sorrell*, 549 U.S. at 166, 168. In FELA cases, an employee's negligence does not bar relief, but the employee's recovery is diminished in proportion to his fault. *Id.* at 166.

---

[2] "FELA provides for concurrent jurisdiction of the state and federal courts, § 56, although substantively FELA actions are governed by federal law." *Sorrell*, 549 U.S. at 165-66 (*citing Chesapeake & Ohio R. Co. v. Stapleton*, 279 U.S. 587, 590, 49 S. Ct. 442, 73 L. Ed. 861 (1929)); *see also Jennings v. Ill. Cent. R.R. Co.*, 993 S.W.2d 66, 70 (Tenn. Ct. App. 1998).

"Under FELA, the employer railroad has a duty to provide a reasonably safe workplace." *Reed*, 2006 Tenn. App. LEXIS 620, 2006 WL 2771029, at *3 (citing *Bailey v. Cent. Vt. Ry.*, 319 U.S. 350, 352, 63 S. Ct. 1062, 1062, 87 L. Ed. 1444 (1943); *Ulfik v. Metro-North Commuter R.R.*, 77 F.3d 54, 58 (2d Cir. 1996); *Adams*, 899 F.2d at 539). This does not mean that the railroad has the duty to eliminate all workplace dangers, but it does have the "duty of exercising reasonable care to that end." *Van Gorder v. Grand Trunk W. R.R., Inc.*, 509 F.3d 265, 269 (6th Cir. 2007) cert. denied, 129 S. Ct. 489, 172 L. Ed. 2d 356 (2008) (citing *Baltimore & Ohio S.W.R. Co. v. Carroll*, 280 U.S. 491, 496, 50 S. Ct. 182, 74 L. Ed. 566 (1930)). "A railroad breaches its duty to its employees when it fails to use ordinary care under the circumstances or fails to do what a reasonably prudent person would have done under the circumstances to make the working environment safe." *Id.* (citing *Tiller v. Atl. C.L.R. Co.*, 318 U.S. 54, 67, 63 S. Ct. 444, 87 L. Ed. 610 (1943); *Aparicio v. Norfolk & W. Ry.*, 84 F.3d 803, 811 (6th Cir. 1990)). In other words, "a railroad breaches its duty when it knew, or by the exercise of due care should have known that prevalent standards of conduct were inadequate to protect the plaintiff and similarly situated employees." *Id.* at 269-70 (internal quotations omitted).

*Jordan v. Burlington N. Santa Fe R.R. Co.*, No. W2007-00436-COA-R3-CV, 2009 Tenn. App. LEXIS 8, at **14-20 (Tenn. Ct. App. Jan. 15, 2009), *Rule 11 appl. perm. appeal denied Aug. 31, 2009* (footnotes in original but renumbered).

With regard to jury instructions, this Court explained in *Jordan v. Burlington N. Santa Fe R.R. Co.*:

"Jury instructions must be correct and fair as a whole, although they do not have to be perfect in every detail." *Pomeroy* [*v. Illinois Central R.R. Co.*, No. W2004-01238-COA-R3-CV], 2005 Tenn. App. LEXIS 294, 2005 WL 1217590, at *3 [(Tenn. Ct. App. May 19, 2005)] (citing *Wielgus v. Dover Indus.*, 39 S.W.3d 124, 131 (Tenn. Ct. App. 2001)). Jury instructions must be plain and understandable, and inform the jury of each applicable legal principle. *Id.* On appeal, we review jury instructions in their entirety and in context of the entire charge. *Id.* We will not invalidate a jury charge if, when read as a whole, it fairly defines the legal issues in the case and does not mislead the jury. *Hensley v. CSX Transp., Inc.*, No. E2007-00323-COA-R3-CV, 278 S.W.3d 282, 2008 Tenn. App. LEXIS 147, 2008 WL 683755, at *2 (Tenn. Ct. App. Mar. 14, 2008) *perm. app. denied*, 2008 Tenn. LEXIS 867 (Tenn. Nov. 17, 2008). "The trial court should give

requested special jury instructions when they are a correct statement of the law, embody the party's legal theory, and are supported by the proof." *Pomeroy*, 2005 Tenn. App. LEXIS 294, 2005 WL 1217590, at *3 (citing *Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439, 445 (Tenn. 1992)). "However, the trial court may decline to give a special instruction when the substance of the instruction is covered in the general charge." *Id.* We will not reverse the denial of a special request for an additional jury instruction where the trial court fully and fairly charged the jury on the applicable law. *Id.*

*Jordan v. Burlington N. Santa Fe R.R. Co.*, 2009 Tenn. App. LEXIS 8, at **33-34.

Plaintiff contends that the Trial Court erred when it instructed the jury with regard to foreseeability and notice. "[R]easonable foreseeability of harm is an essential ingredient of Federal Employers' Liability Act negligence." *Gallick v. Baltimore & Ohio R.R. Co.*, 372 U.S. 108, 83 S. Ct. 659, 665, 9 L. Ed. 2d 618 (1963). In *Gallick*, the United States Supreme Court noted that the jury in that case correctly had been charged with regard to reasonable foreseeability of harm[3], and stated:

The jury had been instructed that negligence is the failure to observe that degree of care which people of ordinary prudence and sagacity would use under the same or similar circumstances; and that defendant's duty was measured by what a reasonably prudent person would anticipate as resulting from a particular condition - - "defendant's duties are measured by what is reasonably foreseeable under like circumstances" - - by what " in the light of the facts then known, should or could reasonably have been anticipated."

*Gallick v. Baltimore & Ohio R.R. Co.*, 372 U.S. 108, 83 S. Ct. 659, 665-66, 9 L. Ed. 2d 618 (1963) (footnotes omitted).

With regard to foreseeability and notice in FELA cases, the Sixth Circuit has explained:

---

[3]The *Gallick* Court stated that "this requirement [to find a reasonable foreseeability of harm] has been satisfied in the present case by the jury's findings … of negligence in maintaining the filthy pool of water." *Gallick*, 83 S. Ct. at 665. The *Gallick* Court then discussed the jury instructions with regard to this issue, as quoted and discussed in this Opinion. Thus, it reasonably follows that the *Gallick* Court found that the jury had been instructed correctly with regard to the reasonable foreseeability of harm.

The law is clear that notice under the FELA may be shown from facts permitting a jury to infer that the defect could have been discovered by the exercise of reasonable care or inspection:

> Under familiar law, defendant could not be convicted of negligence, absent proof that such defect was known, or should or could have been known, by defendant, with opportunity to correct it. 56 C.J.S. Master and Servant § 244, p. 1000. *Carnegie Steel Co. v. Byers*, 149 F. 667, 669 (C.A. 6, 1907); *Atlantic Coast Line R. Co. v. Collins*, 235 F.2d 805, 809 (C.A. 4, 1956)[]. This rule is applicable to FELA actions where negligence is essential to recovery. The establishment of such an element, however, may come from proof of facts permitting a jury inference that the defect was discovered, or should have been discovered, by the exercise of reasonable care or inspection. 56 C.J.S. Master and Servant § 248, p. 1002….

*Szekeres v. CSX Transportation, Inc.*, 617 F.3d 424, 430-31 (6th Cir. 2010) (quoting *Miller v. Cincinnati, New Orleans & Tex. Pac. Ry. Co.*, 317 F.2d 693, 695 (6th Cir. 1963)).

Similarly, our own Supreme Court has stated:

> To prove a breach of duty under the FELA, an employee must show that the railroad "'knew, or by the exercise of due care should have known' that prevalent standards of conduct were inadequate to protect [the employee] and similarly situated employees."

*Mills v. CSX Transportation, Inc.*, 300 S.W.3d 627, 633 (Tenn. 2009) (quoting *Van Gorder v. Grand Trunk W. R.R.*, 509 F.3d 265, 269-70 (6th Cir. 2007)).

In charging the jury in the case now before us, the Trial Court instructed, in pertinent part:

> In this case Mr. Spencer must prove that Norfolk Southern, one, knew or should have known that on the day of the incident the switch was not operating properly; two, that the switch was not operating properly because of Norfolk Southern's negligence in failing to properly maintain the switch; and, three, the incident - - that the incident on May 16, 2010 caused the injury the plaintiff claims to have suffered.

* * *

The railroad is said to have notice of an unsafe work condition if it actually knows or reasonably should have known of the unsafe condition based on the complaints, letters, petitions, reasonable investigations and safety meetings.

In this case the plaintiff must show that with due care Norfolk Southern knew or should have known that on the day of the incident the switch was not operating properly. If you find Norfolk Southern knew or should have known that the conditions in which Mr. Spencer worked could cause injury to him and failed to rectify those conditions, then it, the railroad, was negligent. Whether or not the workplace was reasonably safe is a fact for you to decide.

During their deliberations, the jury asked a question regarding whether Plaintiff was required to prove all three of the elements as charged, *i.e.*:

that Norfolk Southern, one, knew or should have known that on the day of the incident the switch was not operating properly; two, that the switch was not operating properly because of Norfolk Southern's negligence in failing to properly maintain the switch; and, three, the incident - - that the incident on May 16, 2010 caused the injury the plaintiff claims to have suffered.

The jury asked if answering no to any one of these questions must result in a finding of no negligence. The Trial Court answered that all three must be found in order to find negligence.

Plaintiff argues in his brief on appeal that it was error to limit the instruction regarding notice and foreseeability to the "day of the incident." After carefully and thoroughly reviewing the jury instructions in their entirety, as we must, we find that this limitation was misleading to the jury as it operated to limit the time period during which the Railroad could have received notice of an unsafe work condition to the day of the incident. The instruction as given by the Trial Court improperly focused and limited the jury on whether the Railroad knew or should have known that the switch was not operating properly on May 16, 2010. In other words, did the Railroad have knowledge on May 16, 2010 that the switch was not operating properly on that day. Limiting the notice and foreseeability requirement to what the Railroad knew or should have known on that one single day was improper and placed a burden upon the Plaintiff not required by the FELA and the cases interpreting the FELA. Given that the FELA is to be liberally construed to accomplish its purposes as discussed in *Jordan v. Burlington N. Santa Fe R.R. Co.,* the Trial Court's jury

-8-

instruction on foreseeability and notice improperly focused the jury as to what the Railroad knew or should have known only on that one specific day rather than looking at the more expanded period of time of before the accident occurred.

In closing argument at trial the Railroad's attorney argued, as pertinent to the issue before us:

Was there something wrong with that switch on May 16th, 2010; did Norfolk Southern have notice of that problem with the switch on that day and failed to correct it before he threw that switch; and did Mr. Spencer's injury result from that event.

* * *

Did the railroad know that - - did they know or should have known that this switch - - in this case the plaintiff must show that with due care Norfolk Southern knew or should have known that on the day of the incident the switch was not operating properly. On the day of the incident.

* * *

Did the railroad know or should have known that there was a problem with that switch on the day of that incident? No.

There is no evidence for you to conclude that Norfolk Southern knew that there was any problem with that switch on May 16th that they should have corrected.

We note that the Railroad's attorney did nothing improper during closing argument in stressing the phrases "on the day of the incident" or "May 16th," both of which the Trial Court used in its jury instruction. Utilizing a phrase taken directly from a trial court's instructions to the jury when making argument can be a valuable technique. Unfortunately, the phrase limiting notice to the "day of the incident" was itself misleading as to the time period during which the Railroad could have received notice of a problem with the switch. As such, having the phrase repeated during closing argument compounded the problem by focusing the jury solely on what proof Plaintiff had presented that there was something wrong with the switch on May 16th and whether the Railroad knew or should have known that the switch was not operating properly on May 16th. The law on this point instead is, as set out in the Railroad's own proposed jury instructions on notice and

foreseeability, that as to the Railroad's conduct "the point of view to be taken should be the view before the accident occurred, to see what, in the light of the facts then known, should or could reasonably have been anticipated."

Plaintiff also argues in his brief on appeal that the Trial Court erred in refusing to give special instructions regarding foreseeability submitted by both parties. Plaintiff concedes in this brief on appeal that the special instruction submitted by the Railroad correctly stated the applicable law with regard to foreseeability and notice. Plaintiff states that the Railroad's proposed charge read:

The defendant railroad's duty of care is measured by what is reasonably foreseeable under like circumstances. That means that, in measuring the defendant's conduct here, the point of view to be taken should be the view before the accident occurred, to see what, in the light of the facts then known, should or could reasonably have been anticipated. A defendant is not required to guard against that which a reasonably prudent person, under the circumstances, would not anticipate as likely to happen. If a defendant has no reasonable ground to anticipate that a particular condition would or might result in an accident and injury, it has no duty to correct that condition.

We agree that if the Trial Court had utilized this special instruction, the error as discussed above would have been prevented. As such, we agree with Plaintiff that it was error for the Trial Court to refuse to give the Railroad's proposed special instruction considering the jury charge as it was given. As Plaintiff has conceded that this charge correctly states the law, and we agree, the Trial Court may wish to consider utilizing this special instruction upon remand in the new trial.

## Conclusion

The judgment of the Trial Court is vacated, and this cause is remanded to the Trial Court for a new trial and any other further proceedings consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the appellee, Norfolk Southern Railway Company.

_____
D. MICHAEL SWINEY, JUDGE